**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DONALD INGRASSELINO,

                Plaintiff,

                v.

MADISON SQUARE GARDEN
ENTERTAINMENT CORP. and JOHN
EVERSOLE, individually,

                Defendants.

Case No.: 1:25-cv-7980-VSB-HJR

### DECLARATION OF ETHAN M. KRASNOO IN SUPPORT OF
### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

    I, ETHAN M. KRASNOO, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct to the best of my knowledge:

    1.    I am a Partner of Reavis Page Jump LLP ("RPJ") and lead counsel to Plaintiff Donald Ingrasselino ("Plaintiff" or "Ingrasselino") in the above-referenced action. As such, I am fully familiar with the facts and circumstances underlying this declaration, which I submit in support of Plaintiff's Opposition to Defendants Madison Square Garden Entertainment Corp. ("MSG") and John Eversole's (together, the "Defendants") Motion to Dismiss the Complaint.

    2.    The facts set forth herein and exhibits annexed hereto are integral and relate directly to allegations made in the Complaint, and were relied upon in framing the Complaint at the time of its preparation. MSG, via its counsel, was privy to these facts and circumstances, which in large part relate to communications between myself and its counsel at the time as alleged in the Complaint.

    3.    This affirmation is made upon personal knowledge, unless otherwise noted.

**Relevant Facts**

  4. On August 21, 2024, counsel for MSG orally proposed during a telephone conference that the parties consider participating in private mediation contingent on Plaintiff providing documentary evidence in support of his claims prior to the mediation.  Following the call, that same day, I emailed MSG's counsel to accept this offer and confirm the agreement as discussed on our phone call.  These facts are represented in the Complaint (hereafter cited as "Compl.") ¶¶ 103-04.

  5. On September 3, 2024, counsel for MSG responded via email and confirmed the agreement to mediate subject to Plaintiff providing documentary evidence ahead of the mediation. These facts are represented in the Complaint.  *See id.*

  6. In subsequent communications, the parties jointly selected a private mediator, selected a mediation date of January 30, 2025, and confirmed each sides' expected attendees at the mediation.  These facts are represented in the Complaint.  *See id.* ¶ 104.

  7. Thereafter, on December 20, 2024 – more than a month before the scheduled mediation date agreed to between Plaintiff and Defendant MSG in this action – RPJ produced and transmitted via email to counsel for MSG the first of Plaintiff's document productions, consisting of extensive documentary evidence supporting Plaintiff's employment claims, including approximately 100 screenshots of text messages.  *Id.* ¶ 105; Annexed hereto as **Exhibit A** is a true and accurate copy of the December 20, 2024 email discussed herein.  These documents were not previously transmitted to MSG or their counsel.

  8. On December 31, 2024 – a month before the mediation – RPJ produced and transmitted Plaintiff's second document production supporting his legal claims to counsel for MSG, consisting solely of the sworn affirmation of Fiona Rooney, which corroborated Plaintiff's

allegations, including confirming age-based threats and misogynistic remarks by Eversole. Compl. ¶ 107; Annexed hereto as **Exhibit B** is a true and accurate copy of the December 31, 2024 email discussed herein.  This document was not previously transmitted to MSG or their counsel.

9.      On January 13, 2025, Reavis Page Jump LLP produced and transmitted the last of Plaintiff's document productions supporting his legal claims, consisting of the sworn affirmation of former MSG Vice President of Security Ty Munn, attesting to certain unsafe and unlawful conduct by senior MSG leadership.  Compl. ¶ 106.  While this document was not previously transmitted to MSG or their counsel, at that time RPJ transmitted it, RPJ also re-produced the Affirmation of Fiona Rooney, previously transmitted on December 31, 2024, solely for the purpose of adding a "Confidential" designation.  Annexed hereto as **Exhibit C** is a true and accurate copy of the January 13, 2025 email discussed herein.

10.     Defendants allegations in their Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint that "Plaintiff merely resent documents that he had already provided to MSG along with two affirmations" (D. Mem. at 11) and that "Plaintiff merely resent documents he already provided to MSG, which were then followed by two affirmations" (D. Mem at 24) are bizarre and have no basis in fact.  The roughly one hundred screenshots were collected from Plaintiff's phone, transmitted to RPJ, and then produced to Defendants' counsel only as articulated above.


Dated: January 16, 2026
      New York, New York

                                     Ethan Krasnoo