UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD INGRASSELINO,

                Plaintiff,

                v.

MADISON SQUARE GARDEN ENTERTAINMENT CORP. and JOHN EVERSOLE, individually,

                Defendants.

Case No.: 1:25-cv-7980-VSB-HJR

## DECLARATION OF DONALD INGRASSELINO

DONALD INGRASSELINO, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. I submit this Declaration in support of my opposition to Defendants' Motion to Disqualify Ethan M. Krasnoo ("Mr. Krasnoo") and Reavis Page Jump LLP ("RPJ").

2. I am a resident of Edgewater, New Jersey.

3. I am over 18 years of age.

**My Search for Counsel to Pursue Litigation Against MSG**

4. Within a week of my termination from Madison Square Garden Entertainment Corp. ("MSG"), I began searching for a law firm to represent my legal interests against MSG and John Eversole.

5. I Googled law firms in New York City that possessed experience handling employment and discrimination claims in litigation.

6. I contacted five firms to represent me. I provided an overview of the case and identified the adverse parties.

7. Three firms refused to represent me against MSG because they were not willing to

subject their firm to the "lawyer ban." The lawyer ban applied to any law firm that dared to pursue legal action against MSG. Once a firm filed a lawsuit on behalf of their client, all of its lawyers were barred from entering MSG venues, even if they had no involvement in the case. MSG enforced the ban using facial recognition and identity checks. If an attorney was on MSG's lawyer ban list, security would publicly escort the individual out of the venue. In recent years, the lawyer ban received significant media attention.

8. Two of the three firms referred to MSG as a "monster" in their refusal to assist me.

9. The fourth firm, Davidoff Hutcher & Citron LLP ("DHC"), which has 70+ attorneys located in multiple cities throughout the United States, expressed interest in my case. Benjamin Noren, the attorney I connected with, agreed to represent me.

10. I executed an engagement letter with DHC.

11. Thereafter, upon information and belief, Mr. Noren reached out to MSG's outside counsel, Randy Mastro, to see if there was an opportunity to resolve the dispute before litigation.

12. Mr. Eversole had Mr. Mastro relay to Mr. Noren that Mr. Eversole would "rock [my] world, if [I] went public" with my claims.

13. Mr. Noren was distressed by this exchange. He and his firm considered whether to continue representing me. DHC decided to withdraw from representing me because, as I learned, they did not want to subject their firm to the lawyer ban once again. I learned that MSG had recently removed DHC attorneys from the lawyer ban after settling a highly contentious legal dispute spanning across multiple years.

14. I was left without representation. MSG's intimidation tactics and lawyer ban were an extension of my mistreatment from my employment. I recognized many firms were either scared of MSG or reluctant to subject their attorneys to the lawyer ban.

15. Thereafter, I continued to seek representation. One of the attorneys I contacted was Ethan Krasnoo of Reavis Page Jump LLP. I believed that RPJ and Mr. Krasnoo possessed significant experience in employment law, AI technologies, and the entertainment industry.

16. I signed an engagement letter with Mr. Krasnoo and RPJ, who were willing to represent me in my claims against MSG.

**Representation by Mr. Krasnoo and RPJ**

17. Once I retained Mr. Krasnoo and RPJ, we spent many hours preparing correspondence to MSG detailing my claims. The initial letter we sent to MSG was a 21-page, single-spaced letter naming MSG and Mr. Eversole as adverse parties, and communicating my legal claims and facts underlying them, including claims of discrimination, retaliation, and conversion for withholding my property.

18. During the early stages of representation, MSG's counsel, Kevin Leblang of Kramer, Levin, Naftalis & Frankel LLP proposed MSG would pay for private mediation, if I agreed to provide documentary evidence in support of my claims in advance of the mediation.

19. Seeing the benefit of mediation, I agreed to the terms of MSG's offer for private mediation. I compiled text messages and statements from witnesses corroborating my claims. In advance of the scheduled mediation, RPJ, on my behalf, delivered MSG my evidence.

20. For reasons wholly unclear to me, MSG refused to participate in mediation, even after the ample evidence I provided it, in addition to the 21-page, single-spaced letter.

21. As a result, I initiated federal litigation as represented by RPJ.

**Hardship Imposed if Mr. Krasnoo and RPJ are Disqualified as My Counsel**

22. I chose Mr. Krasnoo and RPJ to support and counsel me throughout my litigation. We have developed a strong professional relationship, which I am extremely resistant to changing,

considering the almost two years of representation.

23. If Mr. Krasnoo and RPJ were disqualified from representing me, I fear the uphill battle I would face to retain counsel, especially considering a new firm would learn of MSG's behavior toward my prior attorneys and may be further discouraged from representing me, in addition to MSG's lawyer ban, which I understand had already caused all but one of the five firms I reached out to represent me in this matter to turn me down.

24. My initial experience with attempting to engage law firms concerns me about my ability to find new counsel to litigate my claims.

25. Further, even if I were able to retain new counsel to represent my interests, the unanticipated expected financial burden to sponsor a new attorneys' review of the facts, filings, and communications would stress my budget, which I suspect is a goal of MSG.

26. I have invested countless hours working with Mr. Krasnoo and RPJ to achieve justice, and I do not have the luxury of time to go through the initial process again with a new firm.

27. In the event this Court rules that Mr. Krasnoo is a necessary witness to my Mediation and Property Claims, I request leave to amend my Complaint to enable Mr. Krasnoo and RPJ to continue representing me.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 16, 2026
      Edgewater, New Jersey

_____
                           Donald Ingrasselino