UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DONALD INGRASSELINO,<br><br>                    Plaintiff,<br><br>          v.<br><br>MADISON SQUARE GARDEN<br>ENTERTAINMENT CORP. and JOHN<br>EVERSOLE, individually,<br><br>                    Defendants. | Case No. 1:25-cv-7980-VSB-HJR |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF THEIR MOTION TO DISMISS THE COMPLAINT**

Shawn Patrick Regan
James J. La Rocca
Evan L. G. Weisberg
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
sregan@hunton.com
jlarocca@hunton.com
eweisberg@hunton.com

Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, Massachusetts 02109
Tel: (617) 648-2800
Fax: (617) 433-5022
cpardo@hunton.com

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

TABLE OF AUTHORITIES ......................................................................................................ii

ARGUMENT ............................................................................................................................1

I.   NYCHRL AND NYSHRL DISCRIMINATION AND RETALIATION CLAIMS (COUNTS I AND II)..........................................................................................................1

     A.   Discrimination Claims. ...........................................................................................1

     B.   Retaliation. ..............................................................................................................4

     C.   Aiding and Abetting.................................................................................................5

II.  NYLL LAWFUL RECREATIONAL ACTIVITY DISCRIMINATION (COUNT VII)...5

III. NYLL SECTION 740 RETALIATION CLAIMS (COUNT III). ......................................6

IV. MEDIATION CLAIMS (COUNTS IV-VI)......................................................................9

V.  PROPERTY CLAIMS (COUNTS VIII AND IX). ..........................................................11

CONCLUSION........................................................................................................................13

## TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*511 9th v. Credit Suisse,*
    69 A.D.3d 497 (1st Dep't 2010) .................................................................................10

*Acala v. Mintz Levin,*
    201 N.Y.S.3d 202 (2d Dep't 2023)..............................................................................1

*Adams v. City of N.Y.,*
    2024 WL 3875772 (E.D.N.Y. 2024).........................................................................12

*Adams v. Equinox,*
    2020 WL 5768921 (S.D.N.Y. 2020)......................................................................4, 12

*Amusement Indus. v. Stern,*
    2016 WL 4249965 (S.D.N.Y. 2016).........................................................................12

*Berk v. Tradewell,*
    2003 WL 21664679 (S.D.N.Y. 2003)...................................................................10, 11

*Beshaw v. MVP Serv.,*
    2022 WL 4094451 (N.D.N.Y. 2022) ..........................................................................5

*Betances v. MetroPlus Health,*
    2021 WL 2853363 (S.D.N.Y. 2021) ...........................................................................3

*Brewster v. City of Poughkeepsie,*
    447 F.Supp.2d 342 (S.D.N.Y. 2006).............................................................................7

*C.C. v. Google,*
    2025 WL 1938809 (S.D.N.Y. 2025) ...........................................................................4

*Cabrera v. CBS,*
    2018 WL 1225260 (S.D.N.Y. 2018).............................................................................7

*Callahan v. HSBC,*
    723 F.Supp.3d 315 (S.D.N.Y. 2024).......................................................................6, 7

*Colbert v. FSA Store,*
    2020 WL 1989404 (S.D.N.Y. 2020).............................................................................4

*Comerica v. Bombardier,*
    2019 WL 11027701 (S.D.N.Y. 2019).........................................................................10

*Connecticut v. Teal,*
    457 U.S. 440 (1982)....................................................................................................3

*Dooley v. JetBlue*,
   636 F.App'x 16 (2d Cir. 2015) ...................................................................2

*EEOC v. Bloomberg*,
   778 F.Supp.2d 458 (S.D.N.Y. 2011) ..........................................................2

*Galanis v. Harmonie Club*,
   2014 WL 4928962 (S.D.N.Y. 2014) ........................................................10

*Gallagher v. NYC Health & Hosps.*,
   2017 WL 4326042 (S.D.N.Y. 2017) ........................................................10

*Gehlaut v. NYC Dep't of Educ.*,
   2025 WL 2586770 (2d Cir. 2025) ..............................................................4

*Germantom v. Epoch Grp.*,
   2022 WL 17156063 (S.D.N.Y. 2022) ................................................10, 11

*Gilmore v. Saratoga Ctr.*,
   2025 WL 48620 (N.D.N.Y. 2025) ...........................................................6, 7

*Goldberg v. Pace Univ.*,
   88 F.4th 204 (2d Cir. 2023) .....................................................................10

*Hardwick v. Auriemma*,
   116 A.D.3d 465 (1st Dep't 2014) ...............................................................5

*Hector v. Hector*,
   2023 WL 6038025 (S.D.N.Y. 2023) ........................................................12

*Hofmann v. Dist. Council 37*,
   2004 WL 1936242 (S.D.N.Y. 2004) ......................................................1, 2

*Installed Bldg. v. Cottrell*,
   2014 WL 3729369 (W.D.N.Y. 2014) .........................................................7

*Int'l Supply v. Hudson Meridian*,
   2024 WL 707014 (D. Conn. 2024) ....................................................10, 11

*JN Contemporary v. Phillips Auctioneers*,
   507 F.Supp.3d 490 (S.D.N.Y. 2020) (2d Cir. 2022) ..................................9

*Jones v. Nike*,
   2022 WL 4007056 (E.D.N.Y. 2022) ........................................................12

*Juarez v. Nw. Mutual*,
   69 F. Supp. 3d 364 (S.D.N.Y. 2014) .........................................................2

*Khwaja v. Jobs to Move*,
   2021 WL 3911290 (S.D.N.Y. 2021)...................................................................................1, 2

*Kitchen Winners v. Rock Fintek*,
   668 F.Supp.3d 263 (S.D.N.Y. 2023)......................................................................................12

*Kramer v. Bessent*,
   2025 WL 2576482 (E.D.N.Y. 2025).........................................................................................5

*LCM XXII v. Serta Simmons Bedding*,
   2022 WL 953109 (S.D.N.Y. 2022).................................................................................10, 11

*Lehman Bros, Int'l (Europe) v. AG Fin. Prods., Inc.*,
   2013 WL 487307 (Sup Ct. N.Y. Cnty. 2013) .......................................................................10

*Lent v. City of N.Y.*,
   209 A.D.3d 494 (1st Dep't 2022) ...........................................................................................1

*Lockett v. Target*,
   2022 WL 17127292 (D. Conn. 2022) .....................................................................................2

*Membler.com v. Barber*,
   2013 WL 5348546 (E.D.N.Y. 2013).......................................................................................12

*Miller v. Levi & Korsinsky*,
   695 F.Supp.3d 397 (S.D.N.Y. 2023).......................................................................................4

*Mohrman v. Johns*,
   210 A.D.3d 1075 (2d Dep't 2022).........................................................................................11

*Morales v. North Shore-LIJ*,
   2019 WL 13409226 (E.D.N.Y. 2019).......................................................................................3

*Mumin v. City of N.Y.*,
   760 F.Supp.3d 28 (S.D.N.Y. 2024)..........................................................................................1

*Pattanayak v. Mastercard*,
   2023 WL 2358826 (2d Cir. 2023)............................................................................................1

*Pierce v. Better Holdco*,
   2023 WL 6386920 (S.D.N.Y. 2023).....................................................................................6, 7

*Porsch v. LLR, Inc.*
   380 F.Supp.3d 418 (S.D.N.Y. 2019).....................................................................................12

*Ramos v. Palm W.*,
   2024 WL 3228449 (S.D.N.Y. 2024).........................................................................................1

*Reach v. Healthfirst*,
 2024 WL 4493769 (S.D.N.Y. 2024)..............................................................2

*Rekor Sys. v. Loughlin*,
 2022 WL 3020148 (S.D.N.Y. 2022)............................................................12

*Rhino v. FedEx*,
 2025 WL 2773065 (E.D.N.Y. 2025)..............................................................5

*Rios v. Buffalo & Fort. Erie Pub. Bridge*,
 2007 WL 4991189 (W.D.N.Y. 2007) .............................................................7

*Romanello v. Shiseido Cosmetics*,
 2002 WL 31190169 (S.D.N.Y. 2002)............................................................3

*Ruiz v. Credit Agricole*,
 2025 WL 1642406 (S.D.N.Y. 2025) (Broderick, J.)...................................1

*Santiago v. ACACIA*,
 634 F.Supp.3d 143 (S.D.N.Y. 2022).......................................................1, 2

*Setty v. Synergy Fitness*,
 2018 WL 8415414 (E.D.N.Y. 2018)..............................................................5

*Sillam v. Labaton Sucharow*,
 2022 WL 1036635 (S.D.N.Y. 2022)........................................................10, 11

*Sims v. First Consumers Nat'l Bank*,
 303 A.D.2d 288 (1st Dep't 2003) ..........................................................10, 11

*Stadt v. Fox News*,
 719 F.Supp.2d 312 (S.D.N.Y. 2010)...........................................................11

*Symotyuk-Knoll v. HealthEquity*,
 2023 WL 5576405 (S.D.N.Y. 2023)..............................................................5

*T.D. Bank v. JP Morgan Chase*,
 2011 WL 13305367 (E.D.N.Y. 2011)..........................................................12

*Tosha Rests. v. N.Y.S. Div. of Hum. Rts.*,
 79 A.D.3d 1337 (3d Dep't 2010) .................................................................3

*Vartelas v. Holder*,
 566 U.S. 257 (2012)......................................................................................4

*Wachtel v. Nat'l R.R. Passenger*,
 2012 WL 292352 (S.D.N.Y. 2012)................................................................9

*Whitfield v. City of N.Y.*,
  760 F.Supp.3d 126 (S.D.N.Y. 2024) ................................................................2

*Whitfield-Ortiz v. Dep't of Educ.*,
  116 A.D.3d 580 (1st Dep't 2014) ....................................................................9

*Woodhams v. Allstate*,
  748 F.Supp.2d 211 (S.D.N.Y. 2010) ................................................................9

*Zimmerli Textil v. Kabbaz*,
  2015 WL 5821523 (E.D.N.Y. 2015) ..........................................................10, 11

*Zottola v. Eisai*,
  564 F.Supp.3d 302 (S.D.N.Y. 2021) ..............................................................11

**Statutes**

N.Y. Lab. Law § 740 ....................................................................................6, 7, 9

N.Y. Lab. Law § 740(3) ......................................................................................7

Plaintiff's opposition confirms the Court should dismiss the Complaint. Contrary to Plaintiff's arguments, Defendants rely on allegations in the Complaint. Plaintiff's Opposition relies on conclusory allegations. The Opposition fails to address dozens of cases Defendants cite that compel dismissal across his nine causes of action. Even worse for Plaintiff, the cases he cites either further support dismissal or are so factually and procedurally distinct they must be disregarded.

## ARGUMENT

## I. NYCHRL AND NYSHRL DISCRIMINATION AND RETALIATION CLAIMS (COUNTS I AND II).

### A. Discrimination Claims.

As an initial matter, Plaintiff doesn't even attempt to address cases Defendants cited that support dismissal of the discrimination claims. Plaintiff makes no effort to address cases: (1) dismissing claims based on "stray remarks," which are exactly the types of remarks at issue here (Mot. 15 (citing *Ruiz v. Credit Agricole*, 2025 WL 1642406 (S.D.N.Y. 2025) (Broderick, J.), *Ramos v. Palm W.*, 2024 WL 3228449 (S.D.N.Y. 2024), and *Lent v. City of N.Y.*, 209 A.D.3d 494 (1st Dep't 2022))); (2) explaining plaintiff must show those outside the protected classes were treated better (*id.* 14 (citing *Mumin v. City of N.Y.*, 760 F.Supp.3d 28 (S.D.N.Y. 2024) and *Acala v. Mintz Levin*, 201 N.Y.S.3d 202 (2d Dep't 2023))); or (3) stating that even a "harsh, unjust, and rude" supervisor isn't unlawful[1] (*id.* 14 (citing *Pattanayak v. Mastercard*, 2023 WL 2358826 (2d Cir. 2023))).

As to "stray remarks," Plaintiff's cases are off-point. Opp. 18-19 (citing *Santiago v. ACACIA*, 634 F.Supp.3d 143 (S.D.N.Y. 2022), *Khwaja v. Jobs to Move*, 2021 WL 3911290 (S.D.N.Y. 2021), and *Hofmann v. Dist. Council 37*, 2004 WL 1936242 (S.D.N.Y. 2004). In

---

[1] Defendants deny Eversole was any of these things, but accept the factual allegations in the Complaint as true for purposes of the motion.

*Santiago*, 634 F. Supp. 3d at 153, others in different groups were treated better. Assuming Plaintiff's allegations to be true, Eversole was demanding and occasionally harsh irrespective of age/disability. Mot. 14. In *Khwaja*, the court relied on statements plus "other allegations of discriminatory motivation," including defendant's practice of not hiring men for certain positions. 2021 WL 3911290, *4. Not the case here. In *Hofmann*: (a) the court wasn't faced with allegations the employer treated those outside plaintiff's protected class poorly; and (b) the decision turned on allegations that (i) the employer replaced plaintiff with someone younger, (ii) plaintiffs were long-term employees and (iii) remarks about age became frequent over time.[2] 2004 WL 1936242, *1, 8-10, *report and recommendation adopted as modified,* 2006 WL 3476747 (S.D.N.Y. Nov. 30, 2006).

Several cases Plaintiff cites further show Plaintiff cannot state a discrimination claim because his Complaint alleges others outside Plaintiff's protected classifications were subject to the same/similar treatment. Opp. 14, 17, 18-19 (citing *Dooley v. JetBlue*, 636 F.App'x 16 (2d Cir. 2015), *Whitfield v. City of N.Y.*, 760 F.Supp.3d 126 (S.D.N.Y. 2024), *Reach v. Healthfirst*, 2024 WL 4493769 (S.D.N.Y. 2024), *Lockett v. Target*, 2022 WL 17127292 (D. Conn. 2022), *EEOC v. Bloomberg*, 778 F.Supp.2d 458 (S.D.N.Y. 2011)). The cases explain that a plaintiff cannot state a claim with conclusory allegations and must allege facts sufficient to render liability plausible. *Bloomberg* rejected plaintiff's discrimination claim because she failed to allege facts showing the employer treated non-pregnant employees better. 778 F. Supp. 2d at 473.

The remainder of Plaintiff's cases, Opp. 19, are distinguishable. *Juarez v. Nw. Mutual* involved a section 1981 claim based on a facially discriminatory interview policy. 69 F. Supp. 3d

---

[2] Because the court's decision in *Hofmann* turned on these additional facts, the statement that remarks themselves could give rise to inference of discrimination if made in particular contexts—*e.g.*, employer's "alleged desire to change the composition of its workforce"—aren't only distinguishable but dicta.

364, 370-71 (S.D.N.Y. 2014), *amended*, 2014 WL 12772237 (S.D.N.Y. 2014). *Connecticut v. Teal*, 457 U.S. 440, 442 (1982) involved a promotional examination having a disparate impact across races. Plaintiff's reliance on these cases doesn't help him because they are premised on different theories, involved sufficient factual allegations and don't account for a pleading that targets one specific person who allegedly treated others outside the protected classes poorly.

Plaintiff also ignores that his own pleading shows MSG was aware of Plaintiff's age/diabetes when it hired him (accepting as true Plaintiff's allegation that he previously worked "for MSG as the Senior Director of Security for TAO, which was owned by MSG" and would disclose his diabetes to coworkers "if he needed to inject insulin" or was "questioned about it"). *Compare* Compl. ¶¶30, 35, *with* ¶36. His disability claim boils down to allegations that Eversole denied time-off to someone else who <u>wasn't</u> disabled (Opp. 4-5; Compl. ¶41) and denied Plaintiff time-off for a rash although Plaintiff never asserted a single <u>fact</u> linking that request to disability. Opp. 4; Compl. ¶43. The Complaint says "the very reason" he wanted off was he didn't want to be seen. Compl. ¶43.[3] Additionally, Plaintiff doesn't address his acknowledgements that he received positive reviews, "praise," an above-range bonus and a "promot[ion]" and Eversole hired him at the same age as when he was terminated and while he had diabetes (*id.* ¶¶32-33) or that he wasn't sure if Eversole's various comments were "serious" (*id.* ¶57). His assertion that Eversole discriminated against another employee based on age (Opp. 6; Compl. ¶44) is bald speculation.

While the foregoing is enough to warrant dismissal, the same-actor inference underscores the implausibility of Plaintiff's claims as explained by case law Plaintiff never addresses. Mot. 13

---

[3] Plaintiff further cites two cases (*Betances v. MetroPlus Health*, 2021 WL 2853363 (S.D.N.Y. 2021) and *Tosha Rests. v. N.Y.S. Div. of Hum. Rts.*, 79 A.D.3d 1337 (3d Dep't 2010)) that don't help him. Opp. 20. *Betances* is inapplicable because the plaintiff made it known the request for time off was for medical reasons. 2021 WL 2853363, *7. *Tosha* doesn't say a rash is a disability so Plaintiff's efforts to distinguish two cases Defendants cite (*Morales v. North Shore-LIJ*, 2019 WL 13409226 (E.D.N.Y. 2019) and *Romanello v. Shiseido Cosmetics*, 2002 WL 31190169 (S.D.N.Y. 2002)) fall flat. Mot. 16.

(citing *Adams v. Equinox*, 2020 WL 5768921 (S.D.N.Y. 2020)). The cases Plaintiff cites don't rescue him. Opp. 17-18 (citing *Miller v. Levi & Korsinsky*, 695 F.Supp.3d 397 (S.D.N.Y. 2023) and *Colbert v. FSA Store*, 2020 WL 1989404 (S.D.N.Y. 2020)). *Miller* notes the inference is more compelling when the time between hiring and firing is limited <u>as here</u>. 695 F.Supp.3d at 414. *Colbert* didn't involve the same person as the hiring and termination decisionmaker, rendering the statements about inferences dicta. 2020 WL 1989404, *4.

### B.   <u>Retaliation.</u>

Plaintiff's Opposition appears to not argue that he has a claim for retaliation under the NYSHRL, so that claim must be dismissed. Opp. 20-21. To the extent Plaintiff is arguing a recent amendment saves his claim, that would be incorrect because the amendment took effect after Plaintiff's employment. *See Vartelas v. Holder*, 566 U.S. 257, 273 (2012) ("essential inquiry…is whether the new provision attaches new legal consequences to events completed before it enactment" (citation omitted)).

As to the NYCHRL claim, Plaintiff doesn't attempt to address cases Defendants cited, which emphasize the need to plead temporal proximity (Mot. 16-17 (citing *Gehlaut v. NYC Dep't of Educ.*, 2025 WL 2586770 (2d Cir. 2025) and *C.C. v. Google*, 2025 WL 1938809 (S.D.N.Y. 2025))), or key allegations in the Complaint. Instead, Plaintiff misstates the law and the Complaint. He first argues that the cases say four months is sufficient when the applicable timeframe is "less than three or four months." *Compare* Mot. 16-17, *with* Opp. 21. He then argues that his time-off request fell within the applicable timeframe (Opp. 21), but he made the operative request in/around October/November 2023, outside the window.[4] Compl. ¶¶36, 100. Plaintiff's cases further show

---

[4] As noted, the Complaint doesn't plead factual allegations that Plaintiff shared with Eversole that his request for a day off due to the rash was related to his diabetes. To the contrary, he pled that he told Eversole that "the very reason" he wanted off was to avoid being seen, Compl. ¶43.

that he failed to plead temporal proximity. Opp. 15, 20-21 (citing *Setty v. Synergy Fitness*, 2018 WL 8415414 (E.D.N.Y. 2018), *adopted* 2019 WL 1292431 (E.D.N.Y. 2019), *Symotyuk-Knoll v. HealthEquity*, 2023 WL 5576405 (S.D.N.Y. 2023), and *Kramer v. Bessent*, 2025 WL 2576482 (E.D.N.Y. 2025)).[5] The other case Plaintiff cites, *Beshaw v. MVP Serv.*, 2022 WL 4094451 (N.D.N.Y. 2022)*,* is wholly impertinent. Opp. 19. It involved federal claims and it took the employer six months to approve time off. 2022 WL 4094451, \*3. Plaintiff alleges nothing like this.

### C.    <u>Aiding and Abetting</u>.

Plaintiff's aiding and abetting claim also fails, not only because the predicate discrimination/retaliation claims fail, but also because of the unrebutted precedent Defendants cite. Mot. 17 (citing *Hardwick v. Auriemma*, 116 A.D.3d 465, 468 (1st Dep't 2014)). Plaintiff claims he discussed his concerns with others and their failure to stop Eversole render them wrongdoers. Opp. 21 n.3. But Plaintiff fails to allege that the other "executives" with whom he claims to have raised concerns had any more authority than he did. Compl. ¶69. Although Plaintiff mentions "his own mistreatment" at paragraph 89 of the Complaint, Plaintiff fails to plead any facts that he actually complained to HR about being subject to discrimination/retaliation.[6]

## II.   NYLL LAWFUL RECREATIONAL ACTIVITY DISCRIMINATION (COUNT VII).

In opposing dismissal of the lawful recreational activity discrimination claim, Plaintiff not only again ignores precedent Defendants cite (Mot. 18 (citing *Rhino v. FedEx*, 2025 WL 2773065 (E.D.N.Y. 2025))), but fails to cite any case to the contrary. Plaintiff mentions that he pled that the

---

[5] The court in *Kramer*, which addressed federal law, rejected one retaliation claim based on conclusory allegations and lack of temporal proximity. 2025 WL 2576482, \*31.

[6] Although not needed to dismiss claims, the Complaint further demonstrates MSG terminated Plaintiff for legitimate reasons, namely, poor performance, including not being responsive to emails (which Plaintiff admits) and violation of MSG's moonlighting policy. Mot. 9-10.

event he attended was a "concert." Opp. 22. The premise that MSG discriminates against all people who attend concerts is, of course, absurd. And Plaintiff fails to set forth any facts that would render plausible that MSG bore animosity toward the particular type of concert he attended or against those who attend such concerts. He never even identifies what concert he attended.

If more were needed (it isn't), Plaintiff ignores factual allegations demonstrating that the Court also should dismiss the claim either because MSG took action against him for moonlighting or he wasn't "outside of work hours" when at the concert. As to the first point, Plaintiff pled he has his own security business, he met a security team at the concert, he initially remained outside the venue unlike an invited guest and MSG took action against him as a result. Compl. ¶¶94-100. The only reasonable inference is that MSG concluded Plaintiff was moonlighting, not that MSG held some hostility toward the concert/its attendees. As to the second point, Plaintiff pled that his job is "24/7, 365," he snuck out of work to attend the concert and told his team he was available by phone. *Id.* ¶¶4, 46, 61, 94-95. In other words, his attendance wasn't "outside of work hours." That's also enough to warrant dismissal. Mot. 18.

## III.    NYLL SECTION 740 RETALIATION CLAIMS (COUNT III).

In addressing the section 740 retaliation claims, Plaintiff doubles down on conclusory allegations, insisting he "complained"/"objected," ignoring that the non-conclusory factual allegations he pled don't support the claims. Mot. 19-24.

To boot, the cases Plaintiff cites support dismissal. Opp. 23, 25-26 (citing *Callahan v. HSBC*, 723 F.Supp.3d 315 (S.D.N.Y. 2024), *Pierce v. Better Holdco*, 2023 WL 6386920 (S.D.N.Y. 2023), and *Gilmore v. Saratoga Ctr.*, 2025 WL 48620 (N.D.N.Y. 2025)). *Callahan*, *Pierce*, and *Gilmore* show that, to state a claim, one must plead (i) an actual complaint/objection to one's supervisor, (ii) a nexus between the complaint/objection and the legal or public safety concern, and (iii) dates of the complaint/objection. The decision in *Callahan* relied on "temporal proximity

between [plaintiff's] reporting of the illegal activity and the failure to promote, as well as the other circumstantial evidence…." 723 F.Supp.3d at 326. In *Pierce*, the court said plaintiff didn't plead certain section 740 claims because plaintiff failed to allege who, what and why as to one purported complaint and failed to plausibly plead a reasonable belief as to another. 2023 WL 6386920, *7. As to the section 740 claims the court upheld in *Pierce*, the court found causation based on temporal proximity of two months. *Id.*, *8. In *Gilmore*, plaintiff complained by filing reports with a government agency.[7] 2025 WL 48620, *11.

Here, Plaintiff does not contest that he made no complaint/objection with respect to two of his section 740 claims, *i.e.*, tracking employee email accounts or reporting his work hours to HR.[8] (Compl. ¶¶16, 91, 92.)  And the factual allegations as to the remainder don't show Plaintiff complaining/objecting as required to state a claim. They merely show that Plaintiff:

- forwarded an email (*Id.* ¶¶7, 65-68);

- asked Eversole questions, *e.g.*, if Plaintiff could draft directives (*id.* ¶¶8, 71-75);

- made inexplicable statements to Eversole, *e.g.*, Plaintiff blurted out something about witness tampering (*id.* ¶79);

- engaged in routine behavior, *e.g.*, told Eversole he had to go to another meeting (*id.*); and

---

[7] Plaintiff also cites *Cabrera v. CBS*, 2018 WL 1225260 (S.D.N.Y. 2018), an off-point wage-and-hour case. Opp. 24. The other case Plaintiff cites (*Installed Bldg. v. Cottrell*, 2014 WL 3729369 (W.D.N.Y. 2014)) isn't a section 740 case, and, in any event, doesn't support Plaintiff's insistence that conclusory allegations are sufficient to plead a reasonable belief. *Id.* That case emphasizes that claims based on "information and belief" only survive motions to dismiss in limited circumstances not present here, i.e., where "facts are peculiarly within the possession and control of the defendant" and couldn't be obtained with minimal investigation or  "the belief is based on factual information that makes the inference of culpability plausible." *Id.*, *4.

[8] Plaintiff claims he didn't need to complain/object because other purported complaints were ignored, but the exception he references merely excuses an employee for disclosing to a public body without first making an effort to notify the employer. N.Y. Lab. Law § 740(3). The cases Plaintiff cites don't save his case. Opp. 27 (citing *Brewster v. City of Poughkeepsie*, 447 F.Supp.2d 342 (S.D.N.Y. 2006) and *Rios v. Buffalo & Fort. Erie Pub. Bridge*, 2007 WL 4991189 (W.D.N.Y. 2007)). *Brewster* analyzed the *Faragher/Ellerth* defense under a federal employment discrimination law and contained language that goes against Plaintiff: "An employer cannot combat harassment of which [its'] unaware. In this case, plaintiff neither availed herself of the City's complaint procedure nor offered an adequate reason for her failure to do so. Accordingly, the City cannot be held liable….." 447 F.Supp.2d at 356. *Rios* dealt with an employment discrimination plaintiff who voiced some complaints and an employer that was aware of substantial allegedly discriminatory conduct about which she didn't complain. 2007 WL 4991189, *11.

- didn't even identify to whom he purportedly complained, as was the case with the police dogs (*id.* ¶¶15, 90).

Separately, Plaintiff doesn't try to address how he could plausibly have a reasonable concern about unlawful activity or "substantial and specific danger to the public health or safety" as is required. For starters, Plaintiff pleads that he had no idea why MSG took certain action so it isn't plausible that Plaintiff could reasonably believe such action was illegal or sufficiently dangerous to public health/safety. (*Id.* ¶¶9, 10, 76, 77.) Other times, Plaintiff claims he knew why MSG took action and that reason couldn't plausibly implicate concerns about illegality or the requisite danger to public health/safety. For example, Plaintiff alleges that:

- MSG's CEO wanted to keep enemies out of MSG (*id.* ¶¶9, 11, 76);

- MSG didn't use facial recognition technology to help the FBI (*id.* ¶¶11, 80, 81);

- MSG wasn't in compliance with sports leagues' protocols (*id.* ¶¶12, 85, 90);

- MSG wasn't complying with its conflicts of interest policy (*id.* ¶¶12, 83, 85); and

- MSG's CEO didn't like dogs and Plaintiff suspected that Eversole wanted to restrict such dogs (not that he actually did) (*id.* ¶¶15, 90).

None raise plausible illegality or a substantial and specific danger to the public health/safety.

Nor is there any factual allegation linking Plaintiff's purported concerns about illegality or health/safety to MSG's conduct. For instance, Plaintiff doesn't allege any logical connection between:

- privacy law violations and public Google searches he purportedly ran, particularly in the absence of any allegation, basis, or indication that MSG's systems lacked adequate firewalls, encryption, and/or any other security (*id.* ¶79);

- a substantial and specific danger to public health/safety in light of all the security measures MSG had in place in addition to the ones Plaintiff tries to smear (facial recognition, Xtract One, police dogs) with conclusory allegations (*id.* ¶85); or

- apparent gender discrimination concerns where, like him, a female colleague was allegedly denied a day off (*id.* ¶89).

And, Plaintiff makes no effort to address how he can maintain a section 740 claim when he alleges that others made the same complaints/objections and weren't retaliated against (as was the case with Plaintiff's purported complaints about firearms and police dogs). (*Id.* ¶¶77, 90)

For these reasons, Plaintiff's efforts to distinguish Defendants' cases, including *Whitfield-Ortiz v. Dep't of Educ.*, 116 A.D.3d 580 (1st Dep't 2014), miss the mark. The cases show that Plaintiff has not pled facts to state a claim.

## IV.    MEDIATION CLAIMS (COUNTS IV-VI).

Plaintiff asserts three claims against Defendants arising from emails about mediation: (i) breach of contract; (ii) breach of the implied covenant of good faith and fair dealing; and (iii) promissory estoppel.

While Plaintiff relies on conclusory assertions, Defendants rely on factual allegations in the Complaint, including allegations that Plaintiff merely resent documents he already provided to MSG. (Compl. ¶¶105-108; Exs. B, C.) It's Plaintiff who had to introduce new materials to try to amend his pleading, but even an amendment that conforms to those materials wouldn't save the claims. The email exchange at issue—the redacted portion of which contained the <u>most</u> relevant information—demonstrates that there was no unconditional agreement to mediate. Mot. 24-26. The breach of the implied covenant and promissory estoppel claims also are ripe for dismissal either because they are based on the same—not alternative—facts, or because Plaintiff failed to plead either claim's requisite elements.

Plaintiff again ignores cases Defendants cite that support dismissal. Mot. 24 (citing *Wachtel v. Nat'l R.R. Passenger*, 2012 WL 292352 (S.D.N.Y. 2012) and *JN Contemporary v. Phillips Auctioneers*, 507 F.Supp.3d 490 (S.D.N.Y. 2020), *aff'd*, 29 F.4th 118 (2d Cir. 2022) regarding breach of contract); Mot. 25 (citing *Woodhams v. Allstate*, 748 F.Supp.2d 211 (S.D.N.Y. 2010), *aff'd*, 453 F.App'x 108 (2d Cir. 2012) regarding breach of implied covenant); Mot. 25-26

(citing *Gallagher v. NYC Health & Hosps.*, 2017 WL 4326042 (S.D.N.Y. 2017) and *511 9th v. Credit Suisse*, 69 A.D.3d 497 (1st Dep't 2010) regarding promissory estoppel).

    With respect to the one case that Plaintiff addresses—*Goldberg v. Pace Univ.*, 88 F.4th 204 (2d Cir. 2023)—what the court actually said justifies dismissal of the promissory estoppel claim:

> [defendant] denied the existence of a contract '*except*…that to the extent a contract exists it provided, in part, that [plaintiff] would be bound by the policies, practices, and procedures of [defendant], whether published or unpublished, and [plaintiff] would agree to comply with them…[plaintiff's] quasi-contractual claims were entirely duplicative of his breach of contract claims, and the district court properly dismissed them.

*Id.* at 215; *compare with* Opp. 31.

    The cases to which Plaintiff cites don't salvage any claim. Opp. 28-31 (citing *Galanis v. Harmonie Club*, 2014 WL 4928962 (S.D.N.Y. 2014) and *Comerica v. Bombardier*, 2019 WL 11027701 (S.D.N.Y. 2019) regarding breach of contract; *Berk v. Tradewell*, 2003 WL 21664679 (S.D.N.Y. 2003), *LCM XXII v. Serta Simmons Bedding*, 2022 WL 953109 (S.D.N.Y. 2022), *Sims v. First Consumers Nat'l Bank*, 303 A.D.2d 288 (1st Dep't 2003), and *Zimmerli Textil v. Kabbaz*, 2015 WL 5821523 (E.D.N.Y. 2015) regarding breach of implied covenant;[9] and *Int'l Supply v. Hudson Meridian*, 2024 WL 707014 (D. Conn. 2024), *Germantom v. Epoch Grp.*, 2022 WL 17156063 (S.D.N.Y. 2022), and *Sillam v. Labaton Sucharow*, 2022 WL 1036635 (S.D.N.Y. 2022) regarding promissory estoppel).

-    <u>Breach of contract</u>: *Galanis* involved a client who tried to avoid a settlement agreement, the terms of which the parties' counsel agreed to by email and about which they notified the court. 2014 WL 4928962, *7-8. That's nothing like this case. *Comerica* involved commercial jet carriers and the court dismissed the complaint because the plaintiff failed to plead "facts demonstrating that it satisfied the condition precedent…." 2019 WL 11027701, *13.

---

    [9] Plaintiff cites "*Lehman Bros, Int'l (Europe) v. AG Fin. Prods., Inc.*, 2013 WL 487307 (Sup Ct. N.Y. Cnty. 2013)" but no such case exists, at least not based on the citation. Opp. 30.

- <u>Breach of implied covenant</u>: At best for Plaintiff, *Berk* says Plaintiff's implied covenant claim should be dismissed as duplicative. 2003 WL 21664679, *9. *Serta*, *Sims*, and *Zimmerli* merely acknowledge that it's possible to maintain breach of contract and breach of implied covenant claims in certain instances, such as where the claims turn on different alleged facts. 2022 WL 953109, *15-16; 303 A.D.2d at 290; 2015 WL 5821523, *7. That's not the case here.

- <u>Promissory estoppel</u>: *Int'l Supply* and *Germantom* merely acknowledge that a plaintiff can plead claims in the alternative, but that doesn't mean a plaintiff has stated a claim. 2024 WL 707014, *4; 2022 WL 17156063, *4 n.4. *Sillam* didn't even involve promissory estoppel. 2022 WL 1036635.

The mediation claims should be dismissed.[10]

## V.    PROPERTY CLAIMS (COUNTS VIII AND IX).

Plaintiff asserts claims for unjust enrichment and conversion against Defendants based on personal property Plaintiff allegedly left at MSG. But setting aside, as the Court must, the Complaint's conclusory legal assertions and bald recitals of the elements, the Complaint plainly fails to plead facts sufficient to plausibly support such claims.

Plaintiff fails to plead what personal items remain at issue or that MSG is refusing to provide them. He alleges MSG has returned some personal items but not others, never specifying which weren't returned. Compl. ¶100. He further states that MSG invited and had an open dialogue to try to return the property.[11] *Id.*

Plaintiff again fails to address cases Defendants cite. Mot. 27 (citing *Zottola v. Eisai*, 564 F.Supp.3d 302 (S.D.N.Y. 2021) regarding unjust enrichment, and *Mohrman v. Johns*, 210 A.D.3d 1075 (2d Dep't 2022) and *Stadt v. Fox News*, 719 F.Supp.2d 312 (S.D.N.Y. 2010) regarding conversion).

---

[10] If the mediation claim survives dismissal, Plaintiff's counsel must be disqualified. *See* Defs' Mot. to Disqualify, ECF No. 23.

[11] Indeed, Plaintiff's unjust enrichment claim is a manufactured and theoretical dispute. Mot. 26.

As to unjust enrichment, even if Plaintiff eventually had standing to bring the claim, the claim should be dismissed because it is merely duplicative of the conversion claim. Concerning conversion, Plaintiff fails to sufficiently plead what property he left, that he made a demand for it or that MSG refused to return it—each of which independently justifies dismissal.

The cases Plaintiff cites don't save the claims. Opp. 32-34 (citing *Jones v. Nike*, 2022 WL 4007056 (E.D.N.Y. 2022), *Porsch v. LLR, Inc.* 380 F.Supp.3d 418 (S.D.N.Y. 2019), *Kitchen Winners v. Rock Fintek*, 668 F.Supp.3d 263 (S.D.N.Y. 2023), and *Membler.com v. Barber*, 2013 WL 5348546 (E.D.N.Y. 2013) for unjust enrichment, and *Adams v. City of N.Y.*, 2024 WL 3875772 (E.D.N.Y. 2024), *Amusement Indus. v. Stern*, 2016 WL 4249965 (S.D.N.Y. 2016), *Hector v. Hector*, 2023 WL 6038025 (S.D.N.Y. 2023), *Rekor Sys. v. Loughlin*, 2022 WL 3020148 (S.D.N.Y. 2022), and *T.D. Bank v. JP Morgan Chase*, 2011 WL 13305367 (E.D.N.Y. 2011) regarding conversation).

- Unjust enrichment: *Jones* involved a deprivation of wages and *Porsch* involved deprivation of money prior to the processing of a sales tax refund—not someone who allegedly left personal property at his employer and whose employer purportedly is trying to return it. 2022 WL 4007056, *1; 380 F.Supp.3d at 428-29. *Kitchen Winners* has no relevance because the court was addressing unjust enrichment as an alternative to a breach of contract claim. 668 F.Supp.3d at 297. Although *Membler.com* acknowledges that there may be circumstances when a plaintiff can plead unjust enrichment and conversion claims in the alternative, it does not support that Ingrasselino has plausibly stated an unjust enrichment claim. 2013 WL 5348546, *14.

- Conversion: *Adams* and *Hector* support Defendants' position because Plaintiff didn't specify the items at issue as the plaintiffs did in those two cases. 2024 WL 3875772, *8; 2023 WL 6038025, *7. In *Rekor*, the court concluded that there wasn't a sufficient demand. 2022 WL 3020148, *12. Nor does *T.D. Bank* help Plaintiff because the case speaks to an unqualified refusal to comply, unlike here. 2011 WL 13305367, *4-6. Finally, the citation to *Stern* doesn't help Plaintiff because the case doesn't account for the ongoing dialogue about the property as pled. 2016 WL 4249965, *13-14.

Plaintiff's property claims fail.[12]

## **CONCLUSION**

The Court should grant Defendants' motion to dismiss.

DATED:  New York, New York
            February 13, 2026

Respectfully submitted,

By:    _/s/ Shawn Patrick Regan_
            Shawn Patrick Regan
            James J. La Rocca
            Evan L. G. Weisberg
            HUNTON ANDREWS KURTH LLP
            200 Park Avenue, 52nd Floor
            New York, New York 10166
            Tel: (212) 309-1000
            Fax: (212) 309-1100
            sregan@hunton.com
            jlarocca@hunton.com
            eweisberg@hunton.com

            Christopher M. Pardo
            HUNTON ANDREWS KURTH LLP
            60 State Street, Suite 2400
            Boston, Massachusetts 02109
            Tel: (617) 648-2800
            Fax: (617) 433-5022
            cpardo@hunton.com

            _Attorneys for Defendants_

---

[12] If either claim proceeds, Plaintiff's counsel must be disqualified. _See_ Mot. to Disqualify.

## **WORD COUNT CERTIFICATION**

I hereby certify that this brief complies with the word count limitations as set forth in Local Rule 7.1(c) of the United States District Court for the Southern District of New York. In determining compliance, I relied on the word count function of the word processing system used to prepare this document. The total number of words in this brief, exclusive of the table of contents, table of authorities, caption, and signature block is 4,162 words.

DATED:       New York, New York
             February 13, 2026

                                    _/s/ Shawn Patrick Regan_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD INGRASSELINO, | Case No. 1:25-cv-7980-VSB-HJR |
| Plaintiff, | **<u>CERTIFICATE OF SERVICE</u>** |
| v. | |
| MADISON SQUARE GARDEN ENTERTAINMENT CORP. and JOHN EVERSOLE, individually, | |
| Defendants. | |

I certify that, the date set forth below, I caused the foregoing to be e-filed with the Court

via the CM/ECF system, which sent notification of such filing to the attorneys of record.

DATED:     New York, New York
               February 13, 2026

By:     */s/ Shawn Patrick Regan*
        Shawn Patrick Regan
        HUNTON ANDREWS KURTH LLP
        200 Park Avenue, 52nd Floor
        New York, New York 10166
        Tel: (212) 309-1000
        Fax: (212) 309-1100
        sregan@hunton.com

        *Attorneys for Defendants*