UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD INGRASSELINO,<br><br>             Plaintiff,<br><br>        v.<br><br>MADISON SQUARE GARDEN ENTERTAINMENT CORP. and JOHN EVERSOLE, individually,<br><br>             Defendants. | Case No. 1:25-cv-7980-VSB-HJR |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISQUALIFY ETHAN M. KRASNOO AND REAVIS PAGE JUMP LLP**

Shawn Patrick Regan
James J. La Rocca
Evan L. G. Weisberg
HUNTON ANDREWS KURTH LLP
200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
sregan@hunton.com
jlarocca@hunton.com
eweisberg@hunton.com

Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, Massachusetts 02109
Tel: (617) 648-2800
Fax: (617) 433-5022
cpardo@hunton.com

*Attorneys for Defendants*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

I.   KRASNOO'S TESTIMONY IS NECESSARY. ............................................................... 1

   A.   The Emails Do Not Render Krasnoo's Testimony Unnecessary or Cumulative. ........ 1

   B.   Plaintiff's Testimony Is No Adequate Substitute. ....................................................... 2

   C.   MSG Employees' and/or Agents' Testimony Is No Adequate Substitute. .................. 3

   D.   Cases Plaintiff Cites to Argue That Courts Refuse to Disqualify Attorneys Who Drafted/Negotiated an Agreement Are Uniformly Inapposite. ................................... 4

   E.   Plaintiff's Arguments Are No More Sufficient as to Its Property Claims. .................. 5

   F.   Krasnoo's Testimony Would Be Prejudicial and May Not Align With Plaintiff's Case. ............................................................................................................................. 6

II.  THE COURT SHOULD REJECT PLAINTIFF'S PROCEDURAL AND TIMING ARGUMENTS. .................................................................................................................. 8

   A.   Disqualification Is Not Premature. .............................................................................. 8

   B.   Plaintiff's Substantial Hardship Arguments Fail. ........................................................ 8

      1. Plaintiff's Scurrilous Assertions About His Prior Counsel and Other Counsel for MSG Are Not Only Impertinent, But Also False ............................................. 9

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*611 Jamison Rd. v. Cont'l Auto. Sys.*,
   2014 WL 12538141 (W.D.N.Y. 2014) ................................................................. 7

*Amalgamated Servs. v. Supreme Hand Laundry*,
   1996 WL 583351 (S.D.N.Y. 1996) ..................................................................... 9

*Bibliotechnical Athenaeum v. Nat'l Lawyers Guild*,
   2017 WL 1232523 (Sup. Ct. N.Y. Cnty. 2017) .................................................... 2

*Biegel v. Gangemi*,
   54 A.D.3d 887 (2d Dep't 2008) .......................................................................... 6

*In re Bodkin*,
   128 A.D.3d 1526 (4th Dep't 2015) ..................................................................... 4

*Caravousanos v. Kings Cnty. Hosp.*,
   27 Misc.3d 237 (Sup. Ct. Kings Cnty. 2010) ..................................................... 6

*Computer Assocs. v. Computer Automation*,
   678 F.Supp.424 (S.D.N.Y. 1987) ........................................................................ 4

*Crews v. Cnty. of Nassau*,
   2007 WL 316568 (E.D.N.Y. 2007) .............................................................. 2, 3, 9

*Fulfree v. Manchester*,
   945 F.Supp. 768 (S.D.N.Y. 1996) ....................................................................... 8

*Gorbaty v. Wells Fargo*,
   2011 WL 318090 (E.D.N.Y. 2011) ................................................................. 8, 9

*Hogan v. Higgins*,
   2008 WL 3200252 (E.D.N.Y. 2008) ................................................................... 3

*Int'l Elecs. v. Flanzer*,
   527 F.2d 1288 (2d Cir. 1975) .............................................................................. 7

*John Wiley v. Book Dog Books*,
   126 F.Supp.3d 413 (S.D.N.Y. 2015) ................................................................... 4

*Lyman v. City of Albany*,
   2007 WL 496454 (N.D.N.Y. 2007) .................................................................... 8

*MacArthur v. Bank of New York*,
   524 F.Supp. 1205 (S.D.N.Y. 1981) .............................................................. 7, 8, 9

*Masucci v. Sonido, Inc.*,
  2013 WL 1280003 (Sup. Ct. N.Y. Cnty. 2013) ............................................................. 9

*Motown Rec. v. Mary Jane Girls*,
  118 F.R.D. 35 (S.D.N.Y. 1987) .................................................................................... 4

*Multi-Juice v. Snapple Beverage*,
  2003 WL 1961636 (S.D.N.Y. 2003) ............................................................................. 2

*Munk v. Goldome Nat'l*,
  697 F.Supp. 784 (S.D.N.Y. 1988) ................................................................................. 2

*Murray v. Metro. Life*,
  583 F.3d 173 (2d Cir. 2009) .......................................................................................... 7

*Noval Williams Films v. Branca*,
  128 F.Supp.3d 781 (S.D.N.Y. 2015) .................................................................... 7, 8, 9

*Orbetta v. Dairyland*,
  2022 WL 134873 (S.D.N.Y. 2022) ............................................................................... 5

*Paretti v. Cavalier Label*,
  722 F.Supp. 985 (S.D.N.Y. 1989) ................................................................................. 4

*Perkins v. Am. Transit Ins.*,
  2011 WL 5051739 (S.D.N.Y. 2011) ............................................................................. 2

*Ritchie v. Gano*,
  2008 WL 4178152 (S.D.N.Y. 2008) ............................................................................. 4

*Rothman v. Complete Packaging & Shipping Supplies*,
  2023 WL 2740862 (E.D.N.Y. 2023) ............................................................................. 3

*Sea Tow Int'l v. Pontin*,
  2007 WL 4180679 (E.D.N.Y. 2007) ............................................................................. 4

*Sea Trade Mar. v. Coutsodontis*,
  2011 WL 3251500 (S.D.N.Y. 2011) ............................................................................. 8

*Shabbir v. Pakistan Int'l Airlines*,
  443 F.Supp.2d 299 (E.D.N.Y. 2005) ............................................................................ 8

*Solow v. Conseco, Inc.*,
  2007 WL 1599151 (S.D.N.Y. 2007) ............................................................................. 4

*Stratavest Ltd. v. Rogers*,
  903 F.Supp. 663 (S.D.N.Y. 1995) ................................................................................. 8

*Superb Motors v. Deo*,
  2023 WL 8358062 (E.D.N.Y. 2023) .................................................................. 3, 4

*U.S. v. Kwang Fu Peng*,
  766 F.2d 82 (2d Cir. 1985) ................................................................................. 9

*U.S. v. Wells Fargo*,
  132 F.Supp.3d 558 (S.D.N.Y. 2015) .................................................................. 7

*Wachovia v. Focus Kyle Grp.*,
  896 F.Supp.2d 330 (S.D.N.Y. 2012) .................................................................. 4

*Yankelevitz v. Cornell Univ.*,
  1996 WL 447749 (S.D.N.Y. 1996) .................................................................... 7

*Zagari v. Zagari*,
  295 A.D.2d 891 (4th Dep't 2002) ...................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 1 .................................................................................................. 11

22 N.Y.C.R.R. § 1200.3.7 ............................................................................... 8, 9

22 N.Y.C.R.R. § 1200.3.7 (a) ............................................................................. 7

The most notable aspect of Plaintiff's opposition to Defendants' motion to disqualify is Plaintiff's statement that he would "consider voluntarily withdrawing [his Mediation and Property Claims] should the Court conclude disqualification of Krasnoo [is] warranted as a result of their existence" and his request that he be given "leave to amend the Complaint to nullify the effect of such Order." Opp. 23, 28. This is unsurprising because Krasnoo must be disqualified if Plaintiff elects to proceed with Mediation and Property Claims.

I.   **KRASNOO'S TESTIMONY IS NECESSARY.**

   A.   **The Emails Do Not Render Krasnoo's Testimony Unnecessary or Cumulative.**

Plaintiff argues that Krasnoo's testimony is not necessary (or is cumulative) because MSG can rely on emails "between the parties accepting the offer and detailing the terms of the agreement to mediate," which purportedly "speak for themselves" and "supersede[] in significance" any prior conversations. Opp. 12-13. Plaintiff describes the contents of these emails as "unambiguous." Opp. 1.

The emails do "speak for themselves" and there is no ambiguity, but in Defendants' favor: there is no contract. Any agreement to mediate was conditioned on Plaintiff providing evidence that supported his position and he did not do so. *See* ECF No. 19 (Mot. to Dismiss) 24-25. To the extent there was some conditional agreement, MSG merely exercised its right not to proceed with mediation when Plaintiff failed to satisfy the necessary condition. *Id.*

In the unlikely event Plaintiff's Mediation Claims are not dismissed, Krasnoo's testimony will surely be sought and necessary to understanding what was "discuss[ed]" on his phone call with MSG and his thoughts and intent during that call" (ECF No. 18.1 at 2), which would be discoverable regarding whether conditions precedent to contract formation were met.

Indeed, a host of additional questions would require answers that can be supplied (as to Plaintiff's perspective) by only Krasnoo, the sole person present for Plaintiff on the call during which Plaintiff claims the purported agreement to mediate was formed. Opp. 7. He would be subject to a deposition and being called by Defendants as a hostile witness to address what he and Plaintiff believe were the terms of their conduct, their understanding of salient terms, and what was meant by evidence "supporting [Plaintiff's] position." ECF No. 18.1 at 3.

MSG must be given the opportunity to raise all applicable defenses. By Plaintiff's own choice, the testimony of his counsel will be relevant, which warrants his counsel's disqualification. *Multi-Juice. v. Snapple Beverage*, 2003 WL 1961636, *7 (S.D.N.Y. 2003) (disqualification where attorney was sole representative at meetings where agreement terms were discussed); *Perkins v. Am. Transit Ins.*, 2011 WL 5051739, *3 (S.D.N.Y. 2011); *Bibliotechnical Athenaeum v. Nat'l Lawyers Guild*, 2017 WL 1232523, *8-9 (Sup. Ct. N.Y. Cnty. 2017) (did not matter that emails "speak for themselves" where attorney was only individual with personal knowledge of contested material facts).

### B.    Plaintiff's Testimony Is No Adequate Substitute.

Despite what Plaintiff argues, his testimony would not be an adequate substitute to Krasnoo's. Opp. 13-14. For the Mediation Claims, the answer to questions regarding alleged contract formation and the parties' interpretation of the material terms of any "agreement" to mediate lies in the phone call between Krasnoo and MSG's then-counsel. Plaintiff was not on that call and so he cannot testify (equally or at all) to what Krasnoo said, represented, or thought during the call. *See Munk v. Goldome Nat'l*, 697 F.Supp.784, 787 (S.D.N.Y. 1988) (disqualifying attorneys who were "clearly the most capable witnesses" to testify regarding events which parties viewed in materially different ways); *Crews v. Cnty. of Nassau*, 2007 WL 316568, *5 n.6

(E.D.N.Y. 2007) (disqualification granted where attorney's testimony constituted "most critical evidence").

*Rothman v. Complete Packaging & Shipping Supplies*, 2023 WL 2740862, \*2 (E.D.N.Y. 2023) offers little support for Plaintiff's position for this reason. At issue there was whether the plaintiff had provided specific evidence to his attorneys, something of which the plaintiff clearly also had knowledge.

### C. MSG Employees' and/or Agents' Testimony Is No Adequate Substitute.

Plaintiff's argument that MSG can simply call its former counsel, Kevin Leblang, is unavailing as well. Opp. 15, 19. Leblang cannot testify to Krasnoo's intent, state of mind, or interpretation of the phone call, all of which would be important to discerning the parties' intent and resolving ambiguity should the claim not be dismissed. If Leblang were asked about his perception of Krasnoo's understanding and Plaintiff objects, then what? If Leblang did offer such testimony, what happens if Plaintiff wants to rebut it?

Worse, Plaintiff could attack Leblang's credibility by pointing out that Leblang has represented MSG in the past and continues to do so. MSG would then be prejudiced by not having an opportunity to examine Krasnoo to demonstrate why Leblang's testimony should be credited. To the extent Krasnoo's testimony would more generally help Defendants, Plaintiff would be unfairly advantaged. *See Crews*, 2007 WL 316568, \*5 (disqualifying attorney in part because moving parties' counsel shouldn't be "put in the position of foregoing significantly … useful testimony"); *Superb Motors v. Deo*, 2023 WL 8358062, \*6 (E.D.N.Y. 2023) (where other proposed witness's testimony would be given little weight, attorney's testimony would be critical and therefore necessary).

The cases cited by Plaintiff are all distinguishable. *Hogan v. Higgins* involved a letter drafted by a third-party that could have been introduced by that third-party. 2008 WL 3200252, \*3

3

(E.D.N.Y. 2008).[1] In *John Wiley v. Book Dog Books*, it was clear that the attorney's testimony would be cumulative of the defendant's because the attorney had given deposition testimony in a prior action that was in accord with the defendant's testimony on the discrete issue in dispute. 126 F.Supp.3d 413, 421-23 (S.D.N.Y. 2015). And in *Ritchie v. Gano*, there were numerous other parties involved in negotiating and drafting the agreement, including individuals beyond the parties and their counsel. 2008 WL 4178152, *13-14 (S.D.N.Y. 2008).

### D. Cases Plaintiff Cites to Argue That Courts Refuse to Disqualify Attorneys Who Drafted/Negotiated an Agreement Are Uniformly Inapposite.

Plaintiff cites several cases to argue that courts in this Circuit "routinely refuse" to disqualify attorneys in contract actions. Opp. 16. Those cases are inapposite:

- In *Paretti v. Cavalier Label*, 722 F.Supp.985, 987 (S.D.N.Y. 1989) and *Wachovia v. Focus Kyle Grp.*, 896 F.Supp.2d 330, 332 (S.D.N.Y. 2012), there were more than five people who could have testified as to the subject matter of the attorney's testimony.

- In *Sea Tow Int'l v. Pontin*, 2007 WL 4180679, *3-4 (E.D.N.Y. 2007), *Computer Assocs. v. Computer Automation*, 678 F.Supp. 424, 430 (S.D.N.Y. 1987), and *In re Bodkin*, 128 A.D.3d 1526, 1527 (4th Dep't 2015), the attorneys were either not present during contract negotiations or not as involved as others.

- In *Motown Rec. v. Mary Jane Girls*, 118 F.R.D. 35, 38 (S.D.N.Y. 1987), the party opposing the motion was content to rely on documents and testimony of other persons and the court's denial of the motion was largely premised on hardship and

---

[1] Likewise in *Solow v. Conseco, Inc.*, the court found one piece of testimony unnecessary because it concerned a document that had been sent by a third-party which could testify in lieu of the attorney. 2007 WL 1599151, *7 (S.D.N.Y. 2007). Other potential testimony related to comments the defendants possibly made to bidders and the court found that a host of others could testify to those comments, including the bidders. *Id.*, *8.

4

the opposing party's representation that it did not intend to call the attorney for testimony.[2]

Here, Plaintiff's counsel is the only competent witness, for Plaintiff, as to the Mediation Claims.

### E. Plaintiff's Arguments Are No More Sufficient as to Its Property Claims.

Plaintiff raises a handful of similar points regarding his Property Claims: Krasnoo sent a letter to MSG "notifying [it] of the withheld property and conversion claim," Plaintiff is "best suited to testify on the topic," and MSG's in-house counsel can testify if needed. Opp. 19-20. These arguments are no more suitable or sufficient in the context of these different claims. In the unlikely event the Property Claims are not dismissed, MSG's defenses would focus on, *inter alia*, whether Plaintiff identified the property MSG allegedly converted, Plaintiff ever made a formal demand for return, and MSG refused to return the property. In his opposition (and Complaint), Plaintiff never states that he made a formal demand for return of property. The furthest he goes is to state that a letter "noted" his conversion claim and in a subsequent call *between Krasnoo and MSG, Krasnoo "communicat[ed]* a list of outstanding items requiring return." Opp. 7 (emphasis added). Krasnoo's testimony would be necessary and relevant to every aspect of that call, including all facts relevant to determining whether the phone call with MSG (which Plaintiff was not on) constituted the requisite "demand." Plaintiff's argument, that MSG instead can just call its in-house counsel to testify, is unpersuasive, would prejudice MSG for the reasons above, and would create the unseemly, unfair, and prejudicial spectacle of MSG's witnesses being examined by the very person who was opposite them on the relevant calls. *See supra* 2-4.[3] It would be difficult, if

---

[2] *Orbetta v. Dairyland*, 2022 WL 134873, *4-5 (S.D.N.Y. 2022) was a wage-and-hour case in which collective-bargaining agreements, on which the moving party sought testimony from the attorney, were of marginal relevance. There were also other members of the union's bargaining team who could provide even more probative testimony.

[3] Defendants maintain that Krasnoo's firm should also be disqualified. Plaintiff ignores Defendants' cite to *Zagari v. Zagari*, 295 A.D.2d 891, 891-92 (4th Dep't 2002), in which a law firm was disqualified from representing the defendant where one of its attorneys was an active participant in the underlying transaction with personal

5

not impossible, to ensure a jury is able to fairly interpret Plaintiff's counsel's examination of a witness about his own communications with that witness.

   **F. Krasnoo's Testimony Would Be Prejudicial and May Not Align With Plaintiff's Case.**

   Plaintiff's assertion that Krasnoo's testimony would not "jeopardize" his position because they "share the same understanding of the terms and performance expectations in the parties' agreement to mediate" is purely conclusory. Opp. 24. Plaintiff is not a competent witness because he was not a party to the communications. And Krasnoo may testify in any number of ways including that: (1) the parties agreed Plaintiff would produce documentary evidence and nothing more; or (2) the parties agreed Plaintiff would produce documentary evidence adequately supporting his position.

   The former would nullify any contention by Plaintiff that an agreement ever existed, because it would show the parties held divergent views on the most significant term of the purported agreement. The latter would be an operational admission that MSG exercised its contractual right not to mediate (if a contract existed) by determining Plaintiff's evidentiary support was wanting.

   The story is the same for the Property Claims. Upon being asked whether he ever made a formal demand that MSG return Plaintiff's property, Krasnoo will almost certainly answer that he did not. If the opposite were true, Plaintiff would have undoubtedly made that point in his Complaint, his opposition, or Krasnoo's own affirmation in support of the opposition. Such a concession by Krasnoo would be fatal to Plaintiff's Property Claims.

---

knowledge. *See also Caravousanos v. Kings Cnty. Hosp.*, 27 Misc.3d 237, 245 (Sup. Ct. Kings Cnty. 2010); *Biegel v. Gangemi*, 54 A.D.3d 887, 889 (2d Dep't 2008).

6

Thus, far from Krasnoo's testimony aligning with Plaintiff's position, *it would instead undermine those positions*. See *Noval Williams Films v. Branca*, 128 F.Supp.3d 781, 791 (S.D.N.Y. 2015); *611 Jamison Rd. v. Cont'l Auto. Sys.*, 2014 WL 12538141, *7 (W.D.N.Y. 2014) (attorney's testimony "would advance defendant's mutual mistake contention which would prejudice plaintiff, which argues that no such mistake occurred"). MSG's counsel, at minimum, has the right to probe and pursue such questioning. *See U.S. v. Wells Fargo*, 132 F.Supp.3d 558, 561 (S.D.N.Y. 2015) (fairness and due process require that defendant have opportunity to present every available defense).

While Plaintiff addresses prejudice to himself, he largely ignores Defendants' arguments regarding the various other forms of prejudice that the Court should factor into its analysis. Plaintiff decries as an "offensive insinuation" the possibility that Krasnoo might intentionally or otherwise testify to best serve his client's interests. This is the "ultimate justification for the disqualification rule," that the "public might think that the lawyer is distorting the truth for the sake of his client." *Int'l Elecs. v. Flanzer*, 527 F.2d 1288, 1294 (2d Cir. 1975); *see also Murray v. Metro. Life*, 583 F.3d 173, 178 (2d Cir. 2009) (Rule 3.7(a) designed to alleviate risk that testifying attorney "is distorting the truth as a result of bias in favor of his client"). Plaintiff's repeated assertions that Defendants' motion is wholly speculative means he also gives little consideration to the other concerns undergirding the advocate-witness rule, such as the jury giving undue weight to a testifying attorney's arguments or becoming confused. *See Yankelevitz v. Cornell Univ.*, 1996 WL 447749, *2 (S.D.N.Y. 1996); *MacArthur v. Bank of New York*, 524 F.Supp. 1205, 1208 (S.D.N.Y. 1981).

7

## II. THE COURT SHOULD REJECT PLAINTIFF'S PROCEDURAL AND TIMING ARGUMENTS.

### A. <u>Disqualification Is Not Premature.</u>

Despite Plaintiff's focus on trial taint, numerous cases have held that disqualification is favorable *as early as possible because prejudice amplifies as a case proceeds*.[4] *See Fulfree v. Manchester*, 945 F.Supp. 768, 772 (S.D.N.Y. 1996) ("[I]t makes no sense to permit Mr. Fulfree to continue as pre-trial counsel only to require someone new to come in to learn the case when it goes to trial."); *Gorbaty v. Wells Fargo*, 2011 WL 318090, *3 (E.D.N.Y. 2011); *MacArthur*, 524 F.Supp. at 1210; *Sea Trade Mar. v. Coutsodontis*, 2011 WL 3251500, *12 (S.D.N.Y. 2011).

Indeed, Plaintiff acknowledges that "no discovery has occurred," which supports Defendants' position. Opp. 22. In the event the Court declines to dismiss the Mediation and Property claims (which should be dismissed), it makes little sense to wait months to disqualify Krasnoo and handicap Plaintiff and his new counsel, who will not be given the opportunity to shape the case through discovery.[5]

### B. <u>Plaintiff's Substantial Hardship Arguments Fail.</u>

The substantial hardship exception to Rule 3.7 is given a "very narrow reading." *Noval Williams*, 128 F. Supp. 3d at 791-92. The pertinent issue for substantial hardship is whether the party opposing a motion to disqualify can "demonstrate that [its] attorneys have distinctive value as trial counsel." *Sea Trade Maritime*, 2011 WL 3251500, *14.

---

[4] Plaintiff claims disqualification is inappropriate because he will win on summary judgment and obviate the need for any testimony at all. Unsurprisingly, he offers no support for this proposed loophole.

[5] Plaintiff's cases are inapposite here as well. *Shabbir v. Pakistan Int'l Airlines* involved whether the existence of a specific form would even be material to plaintiff's case, unlike here where Krasnoo's communications with MSG are plainly material. 443 F.Supp.2d 299, 309 (E.D.N.Y. 2005). In *Stratavest Ltd. v. Rogers*, 903 F.Supp. 663, 668 (S.D.N.Y. 1995), there might have been "other witnesses to the transactions," unlike here. And *Lyman v. City of Albany*, 2007 WL 496454, *4 (N.D.N.Y. 2007) revolved around public protests with numerous witnesses present, completely non-analogous circumstances.

8

Plaintiff makes no arguments that Krasnoo and his firm have distinctive value. Instead, the gist of Plaintiff's hardship argument is three-fold.

*First*, Plaintiff argues it would be costly to replace Krasnoo. Opp. 27. But the Second Circuit has explained that "if [the] cost of retaining substitute counsel were, without more, deemed to constitute 'substantial hardship,' … the exception would swallow the rule." *U.S. v. Kwang Fu Peng*, 766 F.2d 82, 87 (2d Cir. 1985); *see also Crews*, 2007 WL 316568, *5. Indeed, courts have granted motions to disqualify even when the opposing party claims to be insolvent. *See Noval Williams*, 128 F.Supp.3d at 791-92; *Amalgamated Servs., et al. v. Supreme Hand Laundry*, 1996 WL 583351, *5 (S.D.N.Y. 1996).

*Second*, Plaintiff asserts it would take time to substitute counsel. Opp. 27. But courts have found such delay to be no more persuasive a reason to avoid disqualification than cost. *Crews*, 2007 WL 316568, *5.

*Third*, Plaintiff points to trust and familiarity. Opp. 27. If familiarity were enough to invoke the substantial hardship exception, Rule 3.7 would be toothless. *MacArthur*, 524 F.Supp. at 1210; *Crews*, 2007 WL 316568, *5 (familiarity with case does not justify continued services of attorney); *Gorbaty*, 2011 WL 318090, *3 (same). Moreover, there is no rule that a disqualified attorney cannot assist newly retained counsel in getting up to speed. *Gorbaty*, 2011 WL 318090, *3; *Masucci v. Sonido, Inc.*, 2013 WL 1280003, *4 (Sup. Ct. N.Y. Cnty. 2013). Plaintiff's statements actually further support disqualification of Krasnoo sooner rather than later because any such difficulties will weigh more heavily over time.

### 1. Plaintiff's Scurrilous Assertions About His Prior Counsel and Other Counsel for MSG Are Not Only Impertinent, But Also False.

While not absolutely necessary to Defendants' prevailing on this motion, Defendants are compelled to address Plaintiff's claims about obstacles to finding new counsel and the two 27-

9

paragraph declarations—by Krasnoo and Plaintiff—referring to alleged statements by respected members of the bar of this Court.

First, Plaintiff argues that it would be "a great challenge for him to find alternative counsel" because law firms are "afraid" of MSG. Opp. 4, 6. Public court dockets indicate otherwise.

Second, Plaintiff claims that his prior counsel, Davidoff, Hutcher & Citron LLP ("DHC"), decided to withdraw from representing him after Ben Noren of DHC contacted Randy Mastro, outside counsel to MSG on other matters, and, according to Plaintiff, was told that "Mr. Eversole would rock [Plaintiff's] world, if [Plaintiff] went public" with his claims. ECF No. 33 ¶¶ 9, 12, 14. Plaintiff further claims that DHC "decided to withdraw … because … they did not want to subject their firm to the lawyer ban again." *Id.* ¶13.

As reflected in the two Declarations submitted herewith, those statements are false. As the declaration of Larry Hutcher, Co-Founder and Co-Managing Partner of DHC states, he (not Mr. Noren) spoke with Mr. Mastro regarding "Mr. Ingrasselino's claims and explained that [his] firm was willing to represent Mr. Ingrasselino in negotiating a settlement of potential claims if MSG were interested in doing so," that "Mr. Mastro agreed to inquire whether MSG was interested at that time in negotiating with Mr. Ingrasselino," that "Mr. Mastro thereafter reported … that MSG was not interested in negotiating with Mr. Ingrasselino … [and] he and MSG considered Mr. Ingrasselino's claims to be frivolous." Hutcher Decl. ¶¶5-6. And Mr. Hutcher further states that "Mr. Mastro did not say to [him] that Mr. Eversole would 'rock [Mr. Ingrasselino's] world, if [Ingrasselino] went public' with his claims, or anything of that nature," that Mr. Hutcher never relayed "such a thing to Mr. Noren" and that Mr. Hutcher "did not find anything about [his] conversation with Mr. Mastro to be 'unprofessional' or 'chilling.'" *Id.* ¶7. Moreover, Mr. Hutcher states that "Mr. Ingrasselino is incorrect in saying that the reason [DHC] decided not to represent

10

Mr. Ingrasselino in litigation against MSG was that we 'did not want to subject [our] firm to' MSG's policy of barring presently adverse attorneys from MSG venues." *Id.* ¶8.

Likewise, Mr. Mastro's Declaration, also submitted herewith, similarly reflects that he spoke with Mr. Hutcher (not Mr. Noren) about Plaintiff, that "[a]t no point did John Eversole, or anyone else, instruct [him] to relay … that Mr. Eversole would 'rock [Mr. Ingrasselino's] world, if [he] went public' with his claims" nor "did [he] ever relay" any such words "to Mr. Noren or to anyone else" and that, "after discussing the call [from Mr. Hutcher] with [MSG] and assessing the claims, [he] contacted Mr. Hutcher to tell him that MSG was not interested in entering into settlement negotiations with Mr. Ingrasselino and, in fact, considered Mr. Ingrasselino's claims to be frivolous." Mastro Decl. ¶¶3-7.

*          *          *

Ultimately, what is most noteworthy and telling in Plaintiff's Opposition is his request that, if the Court is inclined to grant this motion, Plaintiff first be given "leave to amend the Complaint to nullify the effect of such Order" (Opp. 23, 28) so he may "voluntarily withdraw[]" the idiosyncratic Mediation and Property Claims as to which his counsel's testimony is necessary. Indeed, Defendants agree that permitting Plaintiff the opportunity to withdraw those claims, albeit with prejudice, and file an Amended Complaint would advance judicial economy and best further the mandate of Rule 1 to employ and administer the procedural rules in a manner that will facilitate "the just, speedy, and inexpensive determination of" claims. Fed. R. Civ. P. 1.

DATED:    New York, New York           Respectfully submitted,
          February 13, 2026

                                        By:    */s/ Shawn Patrick Regan*
                                               Shawn Patrick Regan
                                               James J. La Rocca
                                               Evan L. G. Weisberg
                                               HUNTON ANDREWS KURTH LLP

11

200 Park Avenue, 52nd Floor
New York, New York 10166
Tel: (212) 309-1000
Fax: (212) 309-1100
sregan@hunton.com
jlarocca@hunton.com
eweisberg@hunton.com

Christopher M. Pardo
HUNTON ANDREWS KURTH LLP
60 State Street, Suite 2400
Boston, Massachusetts 02109
Tel: (617) 648-2800
Fax: (617) 433-5022
cpardo@hunton.com

*Attorneys for Defendants*

## **WORD COUNT CERTIFICATION**

I hereby certify that this brief complies with the word count limitations as set forth in Local Rule 7.1(c) of the United States District Court for the Southern District of New York. In determining compliance, I relied on the word count function of the word processing system used to prepare this document. The total number of words in this brief, exclusive of the table of contents, table of authorities, caption, and signature block is 3,405 words.

DATED:   New York, New York
         February 13, 2026

                                          */s/ Shawn Patrick Regan*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD INGRASSELINO,<br><br>                    Plaintiff,<br><br>       v.<br><br>MADISON SQUARE GARDEN ENTERTAINMENT CORP. and JOHN EVERSOLE, individually,<br><br>                    Defendants. | Case No. 1:25-cv-7980-VSB-HJR<br><br>**CERTIFICATE OF SERVICE** |

I certify that, the date set forth below, I caused the foregoing to be e-filed with the Court via the CM/ECF system, which sent notification of such filing to the attorneys of record.

DATED:   New York, New York
         February 13, 2026

                              By:   */s/ Shawn Patrick Regan*
                                    Shawn Patrick Regan
                                    HUNTON ANDREWS KURTH LLP
                                    200 Park Avenue, 52nd Floor
                                    New York, New York 10166
                                    Tel: (212) 309-1000
                                    Fax: (212) 309-1100
                                    sregan@hunton.com

                                    *Attorneys for Defendants*