UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD INGRASSELINO,<br><br>                    Plaintiff,<br>        v.<br><br>MADISON SQUARE GARDEN ENTERTAINMENT CORP. and JOHN EVERSOLE, individually,<br><br>                    Defendants. | 1:25-cv-7980-VSB-HJR |

### DECLARATION OF LARRY HUTCHER, ESQ.

Larry Hutcher, Esq., pursuant to 28 U.S.C. § 1746, hereby declares:

1. I am the Co-Founder, Co-Managing Partner, and Chair of the Commercial Litigation Practice of Davidoff Hutcher & Citron LLP ("DHC"). I make this Declaration upon personal knowledge.

2. I have reviewed the Declaration of Donald Ingrasselino in support of his opposition to Defendants' Motion to Disqualify in this suit and his related Memorandum of Law.

3. My firm was engaged by Mr. Ingrasselino previously to represent and provide him with legal advice and counsel with respect to his separation from employment with Madison Square Garden Entertainment Corp. ("MSG").

4. In furtherance of that representation, I contacted Randy Mastro, who I knew to have been outside counsel to MSG from prior litigation in which he represented MSG and we were adversaries.

5. I advised Mr. Mastro of Mr. Ingrasselino's claims and explained that my firm was willing to represent Mr. Ingrasselino in negotiating a settlement of potential claims if MSG were interested in doing so.  Mr. Mastro agreed to inquire whether MSG was interested at that time in negotiating with Mr. Ingrasselino in an effort to resolve any dispute short of litigation.

6. Mr. Mastro thereafter reported back to me that MSG was not interested in negotiating with Mr. Ingrasselino.  He also said that he and MSG considered Mr. Ingrasselino's claims to be frivolous.

7. Mr. Mastro did not say to me that Mr. Eversole would

1

"rock [Mr. Ingrasselino's] world, if [he] went public" with his claims, or anything of that nature. Nor did I ever say such a thing to Mr. Noren. I did not find anything about my conversation with Mr. Mastro to be "unprofessional" or "chilling."

8. Mr. Ingrasselino is incorrect in saying that the reason we decided not to represent Mr. Ingrasselino in litigation against MSG was that we "did not want to subject [our] firm to" MSG 's policy of barring presently adverse attorneys from MSG venues.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 13, 2026.

By: *(signature)*
Larry Hutcher

2