UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD INGRASSELINO,<br><br>                     Plaintiff,<br>      v.<br><br>MADISON SQUARE GARDEN ENTERTAINMENT CORP. and JOHN EVERSOLE, individually,<br><br>                     Defendants. | Case No. 1:25-cv-7980-VSB-HJR |

**DECLARATION OF RANDY M. MASTRO, ESQ. IN SUPPORT OF DEFENDANTS'
MOTION TO DISQUALIFY**

Randy M. Mastro, Esq., pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1.     I am a partner in the law firm Dechert LLP, which I recently joined after serving as First Deputy Mayor of New York City. I make this Declaration on personal knowledge. At all times relevant to the facts described in this Declaration, I was a partner in the law firm King & Spalding LLP.

2.     I have reviewed the Declaration of Donald Ingrasselino in support of his opposition to Defendants' Motion to Disqualify (ECF No. 33).

3.     At no point did John Eversole, or anyone else, instruct me to relay to Benjamin Noren, or to anyone else, that Mr. Eversole would "rock [Mr. Ingrasselino's] world, if [he] went public" with his claims. Nor did I ever relay to Mr. Noren or to anyone else that Mr. Eversole would "rock [Mr. Ingrasselino's] world, if [he] went public" with his claims.

4.     I do not recall ever speaking with Ben Noren.

5. I do recall that I spoke with Mr. Noren's senior partner, Larry Hutcher, who called me and said that Mr. Ingrasselino had contacted Mr. Hutcher's firm about bringing claims against my long-time client, Madison Square Garden Entertainment Corp. ("MSG"), and that his law firm would not be representing Mr. Ingrasselino in litigation against MSG, but that it would be willing to represent Mr. Ingrasselino to the limited extent of negotiating a settlement of potential claims if MSG were interested in doing so.

6. At the end of that call, I advised Mr. Hutcher that I would inquire of my client, MSG.

7. After discussing the call with my client and assessing the claims, I contacted Mr. Hutcher to tell him that MSG was not interested in entering into settlement negotiations with Mr. Ingrasselino and, in fact, considered Mr. Ingrasselino's claims to be frivolous.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 12, 2026.

By: _____
Randy M. Mastro