# REAVIS PAGE JUMP LLP

Ethan M. Krasnoo, Esq.*
ekrasnoo@rpjlaw.com

*admitted to practice law in New York

Attorneys and Affiliated Attorneys admitted to practice law in New York, Connecticut, District of Columbia, Massachusetts, Michigan, New Jersey, California, Colorado, Hawaii, Illinois, Oregon, Texas, European Union, England and Wales, France (Paris Bar) and Sweden.

RPJ is a certified Women's Business Enterprise.



41 Madison Avenue
41st Floor
New York, NY  10010

Telephone  (212) 763-4100
Facsimile  (212) 763-4141

www.rpjlaw.com

**By ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

> Plaintiff shall file an Amended Complaint, pursuant to Rule 15(a)(2), withdrawing certain of his claims by **April 27, 2026**. Defendants' updated motion papers shall be filed by **May 7, 2026**, Plaintiff's opposition papers shall be filed by **May 18, 2026**, and Defendants' reply papers shall be filed by **May 28, 2026**.
>
> SO ORDERED:
>
> HON. VERNON S. BRODERICK
> UNITED STATES DISTRICT JUDGE    4/16/2026

>   **Re:**   ***Ingrasselino v. Madison Square Garden Entertainment Corp., et al.*,**
>   **No. 1:25-cv-07980-VSB-HJR**
>   **Letter Motion for Voluntary Withdrawal of Certain Claims**

Dear Judge Broderick:

This firm represents plaintiff Donald Ingrasselino ("Plaintiff") in the above-referenced action.  We write to respectfully request that the Court permit Plaintiff to voluntarily withdraw certain of his claims, as set forth below, and direct that Defendants' pending motions be adjudicated on the existing briefing as applied to the remaining claims following such withdrawal.

On March 10, 2026, Magistrate Judge Henry J. Ricardo held a conference on Defendants Madison Square Garden Entertainment Corp. ("MSG") and John Eversole's motion to disqualify (Dkt. No. 22; the "Motion") the undersigned counsel and my firm, Reavis Page Jump LLP ("RPJ") from representing Plaintiff in this action.  At the crux of Defendants' Motion was the argument that disqualification is warranted because my testimony in connection with five of Plaintiff's nine causes of action would be necessary and material.  While Plaintiff opposed the Motion (Dkt. No. 32), arguing, *inter alia*, that counsel's testimony is not required where documentary evidence and alternative witnesses, including Plaintiff himself, are available, and that the Motion was premature, Magistrate Judge Ricardo granted the Motion in part and denied it in part (Dkt. No. 44).

The Honorable Vernon S. Broderick
April 9, 2026
Page 2 of 4

At the March 10 conference, Magistrate Ricardo discussed each of the causes of action at issue and determined, pursuant to N.Y. Rule of Pro. Conduct 3.7(a), whether I am likely to be a witness on a significant issue of fact. The Magistrate's ruling was three-fold: (1) RPJ is not subject to disqualification on any claim; (2) I am disqualified from serving as trial counsel solely with respect to Plaintiff's claims for breach of contract (count four), promissory estoppel (count five), violation of the duty of good faith and fair dealing (count six), and conversion (count nine); and (3) no disqualification is warranted for Plaintiff's unjust enrichment claim (count eight).[1]

Critically, Magistrate Ricardo made clear – both on the record and in his March 10, 2026 Order – that if the four claims giving rise to the potential advocate-witness issue "are dismissed, no disqualification is necessary." Dkt. No. 44 at n.1. This understanding was, even prior to the conference, shared by the parties as reflected in their briefing (*see* Plaintiff's Opposition to Motion, Dkt. No. 32 at 28 ("Plaintiff would also certainly consider voluntarily withdrawing the claims should the Court conclude that disqualification of Krasnoo would be warranted as a result of their existence") and Defendants' Reply on Motion, Dkt. No. 39 at 11 (in agreement)). Notwithstanding the position previously articulated in their briefing regarding Plaintiff's withdrawal of the subject claims, counsel for Defendants has indicated that Defendants do not consent to the procedure detailed herein and will respond to Plaintiff's proposal within three business days. Plaintiff would provide the Court with any warranted response to Defendants' opposition within two business days thereafter.

In light of that guidance and apparent understanding, Plaintiff respectfully seeks, pursuant to Fed. R. Civ. P. 41(a), to voluntarily withdraw only the fourth through sixth and ninth causes of action, along with the allegations relating solely to those claims.[2] All other allegations and causes

---

[1]    For clarity, Plaintiff further notes that, although his unjust enrichment claim (count eight) was also addressed in the Motion, Magistrate Judge Ricardo expressly determined that my testimony is not likely to be required in connection with that claim. Instead, the Magistrate found that Plaintiff's own testimony would suffice to support his claim that MSG was unjustly enriched by retaining his personal property following his termination, and that any testimony from counsel would be limited to issues not essential to that claim. Thus, Plaintiff does not seek dismissal of, and intends to maintain, his unjust enrichment claim and the sole allegation relevant to it (Compl. at ¶ 100).

[2]    Plaintiff notes that the Second Circuit has recognized that Rule 41(a) may be used to dismiss fewer than all claims, and has limited any contrary suggestion in *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953) to its particular facts, expressly clarifying that *Harvey* "has been criticized and is now against the weight of authority," and distinguishing it where, as in *Harvey* and unlike here, withdrawal of the claims would result in dismissal of an indispensable party. *Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985); *see also Johnson Chem. Co., Inc. v. Home Care Products, Inc.*, 823 F.2d 28, 30 (2d Cir. 1987), *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (same). An apparent majority of the Circuit Courts of Appeals similarly permit plaintiffs to withdraw discrete claims in the interest of judicial economy, equity, and efficient case management. Plaintiff therefore respectfully submits that Rule 41(a) is the proper vehicle by which he may voluntarily dismiss some, but not all, of his claims, as detailed herein. To the extent the Court disagrees, Plaintiff requests, in the alternative, leave to withdraw the claims pursuant to Fed. R. Civ. P. 15, which has been found to be "subject to the same standard of review as a withdrawal under Rule 41(a)." *Federman v. Town of Lorraine*, No. 19 CIV. 00708, 2019 WL 7037673, at *1 (N.D.N.Y. Dec. 20, 2019) (quoting *Wakefield*, 769 F.2d at 114 n.4).

of action remain undisturbed and pending before the Court in connection with Defendants' motion to dismiss (Dkt. No. 17).  Thus, Plaintiff submits that the following portions of the Complaint should be deemed voluntarily withdrawn:  paragraph 1, solely to the extent of modifying the last sentence therein to remove reference to the withdrawn claims;  paragraphs 103-08, 152-66, and 177-79;  subheading E;  headings for the fourth to sixth and ninth causes of action;  and subsections d) and f) of the demand for relief.

The requested withdrawal has a limited and non-prejudicial impact on Defendants' pending motion to dismiss (Dkt. No. 17) and motion to strike (Dkt. No. 20).  With respect to the motion to dismiss, the parties' briefs are structured in a manner that addresses each cause of action independently under distinct subheadings.  The claims Plaintiff seeks to withdraw are largely, if not entirely, independent of his employment-related claims and do not alter the factual allegations underlying those remaining claims.  In effect, Plaintiff seeks only to streamline the case by excising discrete claims to eliminate the limited advocate-witness issue – not to introduce new allegations or theories.  Under these circumstances, requiring rebriefing would not advance the resolution of the issues before the Court, and would instead undermine judicial economy by imposing unnecessary additional burden on both the parties and the Court.

Courts in this District have recognized that where amendments do not materially affect the issues presented, existing briefing may be applied to the operative pleading.  *See, e.g.*, *Moore v. Experian*, No. 23 CIV. 673, 2023 WL 3005746, at *1 (S.D.N.Y. Mar. 31, 2023) (court may "consider the merits of the [existing] motion, analyzing the facts as alleged in the amended pleading" (quoting *Cotto v. Fed. Nat'l Mortg. Ass'n*, No. 20 Civ. 6487, 2021 WL 4340668, at *4 (S.D.N.Y. Sept. 22, 2021));  *Henderson v. Phys. Affiliate Group of New York P.C.*, No. 18 CIV. 3430, 2019 WL 3778504, at *2 n.1 (S.D.N.Y. Aug. 12, 2019) (treating prior briefing as applicable to amended complaint where motion was fully briefed, and allowing the parties to provide supplemental briefing only to "address any *new* issues raised" (emphasis added));  *Reynolds v. Behrman Brothers Mgt. Corp.*, No. 19 CIV. 5842 (LGS), 2020 WL 1957372, at *1 n.1 (S.D.N.Y. Apr. 23, 2020) (same holding where amendment "does not make any changes material to the motion").  That approach is particularly appropriate here, where no new factual allegations are being introduced and the claims at issue are being narrowed, not expanded.

With respect to Defendants' motion to strike, Plaintiff submits that the motion is unaffected, except that Defendants' request to strike paragraph 106 of the Complaint will be rendered moot if this letter motion is granted because that paragraph will have been voluntarily withdrawn.  Paragraph 106 summarizes a third-party affirmation supporting Plaintiff's NYLL § 740 whistleblower claims and is included in the Complaint to illustrate an example of the materials Plaintiff provided to Defendants pursuant to their agreement to participate in mediation, in connection with the mediation-related claims this letter motion seeks to withdraw.  Although

The Honorable Vernon S. Broderick
April 9, 2026
Page 4 of 4

Defendants do not seek to strike that paragraph based on its role in the mediation-related claims, its withdrawal will moot Defendants' motion with respect to that paragraph.

To the extent it facilitates the Court's review of the motion papers, Plaintiff proposes that the parties re-file their respective papers solely to the extent of deleting or redacting the portions pertaining to the claims being voluntarily dismissed.

Accordingly, Plaintiff respectfully requests that the Court (*i*) permit Plaintiff to withdraw counts four, five, six, and nine and the associated allegations identified above, and (*ii*) direct that Defendants' pending motions be adjudicated on the existing briefing as applied to the remaining claims following withdrawal. We thank the Court for its consideration and are available should the Court require any additional information.

Respectfully submitted,

*/s/ Ethan M. Krasnoo*

Ethan M. Krasnoo

Cc:    Counsel of Record (via ECF)