**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONALD INGRASSELINO,<br><br> Plaintiff,<br><br>        v.<br><br>MADISON SQUARE GARDEN ENTERTAINMENT CORP. and JOHN EVERSOLE, individually,<br><br> Defendants. | Case No. 1:25-cv-7980-VSB-HJR |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Shawn Patrick Regan
James J. La Rocca
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
shawn.regan@morganlewis.com
james.larocca@morganlewis.com

Christopher M. Pardo
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, Massachusetts 02110-1726
Tel: (617) 341-7700
Fax: (617) 341-7701
christopher.pardo@morganlewis.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.    PLAINTIFF STILL FAILS TO STATE DISCRIMINATION, ACCOMMODATION, OR HUMAN-RIGHTS RETALIATION CLAIMS. .................................................................................................... 2

        A.    THE OPPOSITION DOES NOT CURE THE FAILURE TO PLEAD ACTIONABLE AGE- OR DISABILITY-BASED DISCRIMINATION. .................................................................. 2

        B.    THE FAC DOES NOT STATE A FAILURE-TO-ACCOMMODATE CLAIM. .................................................................. 5

        C.    THE FAC DOES NOT PLEAD A HUMAN-RIGHTS RETALIATION CLAIM. .................................................................. 6

    II.    PLAINTIFF STILL FAILS TO STATE A SECTION 201-D CLAIM. ................. 6

    III.    PLAINTIFF STILL FAILS TO PLEAD PROTECTED ACTIVITY UNDER SECTION 740. ........................................................................................ 7

        A.    THE OFF-PROPERTY SECURITY-DUTY ALLEGATIONS DESCRIBE OPERATIONAL DISAGREEMENTS, NOT PROTECTED ACTIVITY .................................................................. 8

        B.    THE FIREARMS, SURVEILLANCE, FACIAL-RECOGNITION, TECHNOLOGY AND K-9 ALLEGATIONS DO NOT PLAUSIBLY STATE PROTECTED ACTIVITY. ................................. 9

        C.    THE ALLEGATIONS CONCERNING THE TREATMENT OF OTHER EMPLOYEES FAIL TO STATE A SECTION 740 CLAIM. ................................................................................ 10

    IV.    PLAINTIFF STILL FAILS TO STATE AN UNJUST ENRICHMENT CLAIM. ...................................................................................................... 11

CONCLUSION ......................................................................................................................... 12

i

## TABLE OF AUTHORITIES

**Cases**                                                                                   **Page(s)**

*Adams v. Equinox Holdings, Inc.*,
    2020 WL 5768921 (S.D.N.Y. 2020)..................................................................................3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................1, 7

*Asset Co IM Rest, LLC v. Katzoff*,
    2025 WL 919489 (S.D.N.Y. 2025)..............................................................................11, 12

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...………………..…………………………..……………………1

*Beshaw v. MVP Serv. Corp.*,
    2022 WL 4094451 (N.D.N.Y. 2022) ...............................................................................4

*Betances v. MetroPlus Health Plan, Inc.*,
    2021 WL 2853363 (S.D.N.Y. 2021).............................................................................5, 6

*Bledsoe v. Delta Air Lines, Inc.*,
    2024 WL 1142321 (E.D.N.Y. 2024)............................................................................2, 7

*Callahan v. HSBC Sec. (USA) Inc.*,
    723 F. Supp. 3d 315 (S.D.N.Y. 2024).............................................................................8

*Colbert v. FSA Store, Inc.*,
    2020 WL 1989404 (S.D.N.Y. 2020)...............................................................................4

*Connecticut v. Teal*,
    457 U.S. 440 (1982).......................................................................................................5

*Corsello v. Verizon N.Y., Inc.*,
    18 N.Y.3d 777 (2012) ....................................................................................................11

*Delville v. Firmenich Inc.*,
    920 F. Supp. 2d 446 (S.D.N.Y. 2013)..............................................................................4

*Dinome v. Cordis US Corp.*,
    2024 WL 3888799 (S.D.N.Y. Aug. 21, 2024)..................................................................6

*Downey v. Adloox, Inc.*,
    789 F. App'x 903 (2d Cir. 2019)......................................................................................3

*Friedman v. Wahrsager*,
    848 F. Supp. 2d 278 (E.D.N.Y. 2012) .......................................................................11, 12

*Gilmore v. Saratoga Ctr. for the Fam.*,
  2025 WL 48620 (N.D.N.Y. 2025) ...............................................................................8

*Hagan v. City of New York*,
  39 F. Supp. 3d 481 (S.D.N.Y. 2014) ...........................................................................5

*Hofmann v. Dist. Council 37*,
  2004 WL 1936242 (S.D.N.Y. 2004), *report and recommendation adopted as
  modified*, 2006 WL 3476747 (S.D.N.Y. 2006) ...........................................................4

*Kamrowski v. Morrison Mgmt. Specialist*,
  2010 WL 3932354 (S.D.N.Y. 2010)………………………………………………..6

*Khwaja v. Jobs to Move Am.*,
  2021 WL 3911290 (S.D.N.Y. 2021) ...........................................................................4

*Lucio v. New York City Dep't of Educ.*,
  575 F. App'x 3 (2d Cir. 2014) .....................................................................................3

*Miller v. Levi & Korsinsky, LLP*,
  695 F. Supp. 3d 397 (S.D.N.Y. 2023) .........................................................................4

*Pattanayak v. Mastercard Inc.*,
  2023 WL 2358826 (2d Cir. 2023) ..........................................................................3, 10

*Pierce v. Better Holdco, Inc.*,
  2023 WL 6386920 (S.D.N.Y. 2023) ............................................................................8

*Powell v. Merrick Acad. Charter Sch.*,
  2018 WL 1135551 (E.D.N.Y. 2018) .........................................................................2, 7

*Santiago v. ACACIA Network*,
  634 F. Supp. 3d 143 (S.D.N.Y. 2022) .........................................................................4

*Tosha Rests., LLC v. N.Y. State Div. of Hum. Rights*,
  79 A.D.3d 1337 (3d Dep't 2010) .................................................................................5

*Whitfield-Ortiz v. Dep't of Educ. of City of N.Y.*,
  116 A.D.3d 580 (1st Dep't 2014) ...........................................................................9, 10

*Williams v. Mount Sinai Med. Ctr.*,
  859 F. Supp. 2d 625 (S.D.N.Y. 2012) .........................................................................5

iii

## PRELIMINARY STATEMENT

Plaintiff's Opposition and Defendants' Motion to Dismiss share one: both are based on the recognition that the well-pled factual allegations of the First Amended Complaint ("FAC"), accepted as true, fail to state plausible claims as a matter of law. The Opposition relies on conclusory assertions that are insufficient and inconsistencies that render the claims implausible.

The Opposition repeatedly points to conclusory allegations that merely parrot elements of the underlying claim. For example, the Opposition states, "Plaintiff's complaints were not just a 'request' to write guidelines, but rather 'warnings and complaints' that the practice was unlawful and unsafe. [FAC] ¶75." ECF No. 60 at 30. Labels like "warnings" and "complaints" untethered to concrete allegations do not plausibly allege protected activity.  The only concrete allegation in ¶75 is that Plaintiff asked to draft written guidelines, which is not protected activity.

The Opposition also references additional and intervening allegations that sink Plaintiff's claims. Take, for instance, Plaintiff's allegations that (i) Eversole treated all employees poorly, (ii) MSG wrote-up Plaintiff for failing to respond to an email regarding an MSG employee's assault, (iii) Plaintiff left subordinates in charge of MSG security to meet up with an "A-list" celebrity's security team ten days later on February 12, and (iv) MSG terminated Plaintiff's employment a week later, purportedly "[b]ecause of Plaintiff's engagement in . . . lawful recreational activity." (FAC ¶¶41, 50, 86-89, 146.) The Opposition implausibly asserts that this "lawful recreational activity" discrimination *claim* is "argued in the alternative" to Plaintiff's other claims (including age and disability discrimination and retaliation). ECF No. 60 at 26. But, under controlling law, the Court must consider *all* well-pled allegations, including those that render Plaintiff's claims implausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (holding "discrimination is not a plausible conclusion," where plaintiffs alleged facts suggesting an "obvious alternative explanation" (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567-68 (2007)).

Here, "Plaintiff has undermined [his] own cause by alleging facts that refute an[] inference of discrimination" or retaliation. *Powell v. Merrick Acad. Charter Sch.*, 2018 WL 1135551, at *7–8 (E.D.N.Y. 2018) (dismissing discrimination and retaliation claims). By filing a "prolix complaint[]," a "plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Id*. at *8 (citations and quotations omitted). That is what Plaintiff has done. *Bledsoe v. Delta Air Lines, Inc.*, 2024 WL 1142321, at *6 (E.D.N.Y. 2024) (holding "the mere fact that Delta fired [p]laintiff after he raised concerns is insufficient, particularly where [p]laintiff's own allegations demonstrate a non-retaliatory basis for his firing").

Defendants are not asking the Court to avoid drawing reasonable inferences in Plaintiff's favor as Plaintiff tries to posit. They are asking the Court to accept the FAC's factual allegations for present purposes. Plaintiff's problem is that those allegations demonstrate that he fails to state a claim across the board.[1]

## ARGUMENT

**I. PLAINTIFF STILL FAILS TO STATE DISCRIMINATION, ACCOMMODATION, OR HUMAN-RIGHTS RETALIATION CLAIMS.**

**A.    The Opposition Does Not Cure The Failure To Plead Actionable Age- Or Disability-Based Discrimination.**

Plaintiff conflates alleged tactless treatment with unlawful discrimination. Occasional age- or health-related remarks by a supervisor do not, without more, plausibly plead discrimination under either the NYSHRL or the NYCHRL. This is particularly true when the supervisor is alleged to have engaged in similar treatment of others outside the plaintiff's protected classifications and recruited Plaintiff when he was already in his late-40s, and the FAC pleads separate, non-protected

---

[1] Defendants have limited themselves in this Reply to the most egregious misstatements of fact and law of the Opposition. Defendants rely upon their earlier arguments in the initial Memorandum for all other matters.

2

reasons for termination. *See* ECF No. 56 at 19-21. Tellingly, Plaintiff fails to address the legion of on-point cases cited by Defendants. *Id*.

Plaintiff's omission is understandable because the FAC reinforces these points. Plaintiff alleges Eversole behaved in similar ways toward numerous employees, including employees outside Plaintiff's protected classes. FAC ¶¶41, 50, 86-89. Contrary to Plaintiff's suggestion, Defendants do not contend an employer can "single out members of a protected group." ECF No. 60 at 23. Rather, where the pleading itself alleges that the challenged supervisor treated others outside the protected group poorly, the inference of trait-based animus is weakened, not strengthened. *Pattanayak v. Mastercard Inc.*, 2023 WL 2358826, at *4 (2d Cir. 2023); *Lucio v. New York City Dep't of Educ.*, 575 F. App'x 3, 5 (2d Cir. 2014).

As to age, Plaintiff similarly does not address the fundamental plausibility problem: Eversole recruited Plaintiff back to MSG for the very role at issue when Plaintiff was already in his late 40s. The same-actor inference is not dispositive, but remains part of the plausibility analysis, particularly where the time between hiring and termination is short. *Adams v. Equinox Holdings, Inc.*, 2020 WL 5768921, at *5 (S.D.N.Y. 2020); *Downey v. Adloox, Inc.*, 789 F. App'x 903, 906–07 (2d Cir. 2019). In addition to that inference, the FAC fails to plausibly connect any discipline or termination decision to age rather than to the specific intervening events that the FAC itself pleads. *See supra* pp. 1-2.

As to disability, even accepting Plaintiff's allegation that Eversole did not learn of Plaintiff's diabetes until after the September/October 2023 MSG role began, the claim fails. That is not enough to plausibly plead that adverse action in February 2024 was tied to disability, especially where the FAC itself pleads separate, non-protected reasons for such action.

3

Nor do Plaintiff's cited cases cure the FAC's pleading defects. Those cases involve direct protected-status comments tied to a challenged decision, concrete comparator evidence, post-discovery records, administrative findings, or disparate-impact theories not at issue here. *Santiago v. ACACIA Network*, 634 F. Supp. 3d 143, 152-153 (S.D.N.Y. 2022) (alleging better treatment of non-protected comparators *and* that manager made discriminatory statement at time of constructive discharge); *Khwaja v. Jobs to Move Am.*, 2021 WL 3911290, at *3-4 (S.D.N.Y. 2021) (alleging more support for female-headed offices, "explicitly discriminatory hiring practices" against male managers, *and* disparaging remarks); *Hofmann v. Dist. Council 37*, 2004 WL 1936242, at *9-10 (S.D.N.Y. 2004), *report and recommendation adopted as modified*, 2006 WL 3476747 (S.D.N.Y. 2006) (alleging sustained discriminatory remarks by decisionmakers over two to four year period); *Beshaw v. MVP Serv. Corp.*, 2022 WL 4094451, *1-2, 6 (N.D.N.Y. 2022) (alleging months-long denial of recurring medical leave, termination less than week after protected medical leave, and replacement by younger, non-disabled employee); *Delville v. Firmenich Inc.*, 920 F. Supp. 2d 446, 460-61 (S.D.N.Y. 2013) (denying summary judgment on record evidence of company-wide age-focused documents, repeated retirement pressure, and younger comparators receiving better opportunities); *Miller v. Levi & Korsinsky, LLP*, 695 F. Supp. 3d 397, 406, 414 (S.D.N.Y. 2023) (finding same-actor inference less compelling on summary judgment, where discovery revealed direct evidence tying gender stereotypes to compensation and termination, including communications about creating "pretext" to terminate plaintiff); *Colbert v. FSA Store, Inc.*, 2020 WL 1989404, *3-5 (S.D.N.Y. 2020) (finding "the Court need not decide now whether the 'same actor inference' applies," where CEO told plaintiff not to act "too black" and to conform to company's "dominant culture," subjected plaintiff "to employment requirements and burdens to which other persons who were not African-American were not subject," and terminated plaintiff

4

"one week after [CEO] reiterated a concern over [plaintiff's] 'cultural' differences"); *Hagan v. City of New York*, 39 F. Supp. 3d 481, 497-98 (S.D.N.Y. 2014) (alleging non-African American comparators received better staffing, pay, and titles, and explaining same-actor inference can be rebutted "where a substantial period of time has passed, or where there is reason to suspect that the initial decision to hire was consistent with a discriminatory motive.");[2] *Williams v. Mount Sinai Med. Ctr.*, 859 F. Supp. 2d 625, 640-42 (S.D.N.Y. 2012) (denying summary judgment, where white comparator in same unit, under same manager, subject to same patient-care standards, received more lenient discipline despite similar repeated patient complaints). The FAC alleges no comparable facts.[3]

## B.    The FAC Does Not State A Failure-To-Accommodate Claim.

Plaintiff's accommodation theory remains deficient for a simple reason: the FAC does not plausibly allege that Defendants denied a reasonable accommodation. The November endocrinologist appointment was approved the very same day. FAC ¶¶36-38.

The facial-rash allegation does not change the analysis. Plaintiff alleges he requested a day off because he had developed a face rash, felt embarrassed, and did not want to be seen. *Id.* ¶43. Plaintiff does not plead that the rash was a disability, and his cases are inapposite. ECF No. 60 at 25 (*Tosha Rests., LLC v. N.Y. State Div. of Hum. Rights*, 79 A.D.3d 1337, 1340-41 (3d Dep't 2010) (applying deferential standard of review, upholding agency's finding that basis for termination—"scheduling difficulties"—was pretext, where manager admitted restaurant considered complainant's psoriasis/cellulitis and owner admitted "he might have dismissed [complainant] because of the condition of his head" regardless); *Betances v. MetroPlus Health Plan, Inc.*, 2021

---

[2] Unlike in *Hagan*, Plaintiff has not alleged a long period of time or a reason to suspect an initial discriminatory motive. 39 F. Supp. 3d at 498.

[3] Plaintiff reliance on *Connecticut v. Teal*, 457 U.S. 440 (1982) is also misplaced. *Teal* is a disparate impact case, where intent is not an element of the claim as it is here.

WL 2853363, *7-8 (S.D.N.Y. 2021) (plaintiff repeatedly sought medical leave, was repeatedly told she was ineligible, and was reprimanded for medical absences)). Plaintiff's unilateral decision to schedule virtual appointments is irrelevant because Defendants cannot deny accommodations they were not asked to provide. *Dinome v. Cordis US Corp.*, 2024 WL 3888799, at *9 (S.D.N.Y. Aug. 21, 2024).

**C.        The FAC Does Not Plead A Human-Rights Retaliation Claim.**

The only retaliation theory remaining in Counts I and II is the NYCHRL theory predicated on requests for accommodation or opposition to discrimination. That claim fails because the FAC does not plausibly plead causation. The operative endocrinologist request occurred in/around November 2023 and Plaintiff was terminated on February 20, 2024. FAC ¶¶36-38, 100. Even in the absence of the intervening events alleged by Plaintiff, *see supra* at pp. 1-2, that gap is too long to support a plausible inference of retaliatory motive. *Betances*, 2021 WL 2853363, *5 (dismissing NYCHRL retaliation claim and observing courts have found "more than two to three months … militates against an inference of causation") (citing *Kamrowski v. Morrison Mgmt. Specialist*, 2010 WL 3932354, at *22 (S.D.N.Y. 2010) (collecting cases)).

**II.    PLAINTIFF STILL FAILS TO STATE A SECTION 201-d CLAIM.**

Plaintiff's section 201-d argument ignores that he failed to identify the type of concert he attended or that Defendants had some aversion to such concert so as to plausibly state a claim. Plaintiff instead rests on the phrase "performed no work" and his insistence that the Court must accept his characterization of the February 12 event as purely recreational.

Section 201-d does not insulate conduct merely because the employee characterizes it as leisure. Although cited by Defendants, Plaintiff failed to distinguish *Rhino v. FedEx Ground Package Sys., Inc.*, which dismissed a §201-d claim because an employer may fire an employee "not for the recreational activity itself but for other information revealed by the recreational

6

activity." 2025 WL 2773065, at *5 (E.D.N.Y. 2025) (internal quotations and citation omitted) (appeal filed).

Here, the FAC not only fails to allege discriminatory intent but actually pleads facts that undermine the alleged discriminatory intent. Plaintiff alleged he (i) owned a security company, (ii) maintained celebrity-security relationships, (iii) discussed the event with Eversole in advance, (iv) told his team he would be available by phone if needed, (v) waited outside the venue with the celebrity's mother while the celebrity's security team escorted the celebrity inside, and (vi) was later questioned about both outside employment and conflict of interest. FAC ¶¶94-99. Those facts do not plausibly support an inference that MSG—whose business includes holding A-list celebrity concerts—terminated Plaintiff because he recreationally attended the concert. Plaintiff's contrary characterization cannot erase the facts he chose to plead. *Iqbal*, 556 U.S. at 682; *Powell*, 2018 WL 1135551, at *7–8 (dismissing discrimination and retaliation claims); *Bledsoe*, 2024 WL 1142321, at *6.

The statute confirms the point. Section 201-d does not protect activity that "creates a material conflict of interest related to the employer's trade secrets, proprietary information or other proprietary or business interest." NYLL §201-d(3)(a). On Plaintiff's own pleading, MSG perceived such a conflict. Plaintiff's separate allegations that Eversole expected him to be available 24/7, 365 days a year, and that he remain available by phone if needed, FAC ¶¶4, 61, 95, further undermine any contention that the event was wholly outside work hours as defined by the statute. NYLL §201-d(1)(c).

## III. PLAINTIFF STILL FAILS TO PLEAD PROTECTED ACTIVITY UNDER SECTION 740.

The Opposition repeatedly contends Plaintiff "complained," "opposed," or "warned" about illegal or unsafe conduct. Court rules, the underlying statute, and the controlling legal standard

require more than these labels. To state a claim, Plaintiff must plausibly plead an actual disclosure, threat to disclose, objection, or refusal to participate in conduct he reasonably believed violated a law, rule, or regulation or posed a substantial and specific danger to public health or safety, together with a plausible causal connection to the challenged action. NYLL §740(2).

The cases cited in the Opposition underscore what is missing here. In *Callahan*, the claim survived because the plaintiff alleged an actual report of illegal activity and temporal proximity to the adverse action. *Callahan v. HSBC Sec. (USA) Inc.*, 723 F. Supp. 3d 315, 326 (S.D.N.Y. 2024). In *Pierce*, the court rejected theories where the plaintiff failed to plead the who, what, and why of the supposed complaint or failed to plausibly plead a reasonable belief of illegality, and it sustained other theories only where the pleading alleged materially stronger facts and closer timing. *Pierce v. Better Holdco, Inc.*, 2023 WL 6386920, at *7-8 (S.D.N.Y. 2023). *Gilmore* involved reports to a government agency. *Gilmore v. Saratoga Ctr. for the Fam.*, 2025 WL 48620, at *11 (N.D.N.Y. 2025). The FAC does not plead anything comparable. *See* ECF No. 56 at 25-31.

### A. The Off-Property Security-Duty Allegations Describe Operational Disagreements, Not Protected Activity.

Plaintiff says he objected to directives requiring employees to interact with protesters, scalpers, drug dealers, and other dangerous individuals outside MSG property. The FAC frames those allegations as disagreements with the scope of job duties, the lack of protocols, and the absence of backup. FAC ¶¶65-70. The allegations describe operational and employee-safety disputes, not protected complaints. Forwarding another's concerns and trying to create better procedures is not the same as pleading a protected disclosure/objection within the meaning of the statute.

The FAC also remains thin on the required who, when, and causation. Plaintiff alleges discussions with a shifting mix of subordinates, peers, someone in HR, and sometimes Eversole,

8

but often without dates. *Id.* ¶¶67-69. Such allegations remain insufficient. *Whitfield-Ortiz v. Dep't of Educ. of City of N.Y.*, 116 A.D.3d 580, 581 (1st Dep't 2014).

### B. The Firearms, Surveillance, Facial-Recognition, Technology And K-9 Allegations Do Not Plausibly State Protected Activity.

The FAC does not plausibly plead an objectively reasonable belief of illegality with respect to those who carried firearms merely by alleging that Plaintiff wanted clearer guidance, personally felt uncomfortable carrying a weapon, and "on information and belief" that Eversole needed a second concealed-carry license. FAC ¶¶71-75. Asking to draft guidelines or expressing discomfort does not plausibly plead a protected disclosure/objection tied to an objectively reasonable belief of illegality or a substantial/specific public danger.

The privacy, background-check, and surveillance allegations fare no better. Plaintiff repeatedly alleges that he did not know why MSG requested information or surveillance concerning particular people and therefore thought the conduct was improper. *Id*. ¶¶76-79. But lack of context is not a reasonable basis to conclude that conduct violates a law or poses a substantial/specific danger to public safety. Nor do the allegations that Plaintiff cautioned Eversole they "needed to be wary of potential witness tampering," accompanied a colleague to a store, and then removed himself from the situation. *Id*. ¶¶78-79. Nowhere in the FAC does Plaintiff plausibly plead a protected disclosure, threat to disclose, or refusal to participate tied to subsequent retaliation.

The facial-recognition and Xtract One allegations likewise are policy disagreements, not whistleblower allegations. Plaintiff's own description centers on questions, policy suggestions, vendor criticism, operational delays, and disagreement with how MSG used certain technologies/security measures. *Id*. ¶¶80-85. Even if Plaintiff believed MSG ran security badly, that does not plausibly plead protected activity. The FAC's allegation that MSG continued using

9

metal detectors alongside Xtract One, *id*. ¶85, further undercuts any assertion there was a substantial/specific danger to public safety.

Plaintiff's allegations regarding police dogs do not state a claim. Plaintiff alleges that Eversole was trying to restrict K-9 use and that Plaintiff believed this would violate sports-league protocols or contracts. *Id.* ¶¶15, 90. He does not plausibly allege that he reasonably believed an actual law, rule, or regulation would have been violated, that MSG actually eliminated K-9 use, or that he objected to a statutory supervisor on a date tied to any adverse action.

Finally, Plaintiff fails to distinguish *Whitfield-Ortiz*. The complaint at issue there, like the FAC, fails to plausibly plead, at a minimum, "how those incidents were causally connected to any protected activity." Moreover, none of Plaintiff's "beliefs" reasonably or plausibly alleges violation of law, as opposed to an alleged violation of policies or that deploying retired law enforcement officers off-property, with or without a sidearm, poses a substantial/specific danger to public safety.

### C.    The Allegations Concerning the Treatment of Other Employees Fail to State A Section 740 Claim.

Plaintiff's allegations concerning female employees do not rescue the claim. Even assuming Plaintiff complained about those matters, the FAC does not plausibly plead that he reasonably believed he was reporting a violation of a law, rule, or regulation, rather than the same arbitrary management style he alleges Eversole directed at Plaintiff and others. FAC ¶¶13, 14, 86-89. On the FAC's own allegations, Plaintiff cannot plausibly plead a reasonable belief that the complained-of conduct was unlawful gender discrimination rather than non-discriminatory mistreatment. *Pattanayak*, 2023 WL 2358826, at *4.

The allegation that Plaintiff complained to someone in HR a week before his employment termination does not change the result. FAC ¶89. Section 740 protects disclosures to a

10

"supervisor," which the statute defines as an individual with authority to direct and control the affected employee's work performance or managerial authority to take corrective action regarding the complained-of violation. NYLL §740(1)(f). The FAC does not plead facts showing that the HR individual had either kind of authority over Plaintiff. On the contrary, Plaintiff repeatedly alleges that Eversole was his sole supervisor. FAC ¶¶27, 108. Nor does the FAC plead the law, rule, or regulation Plaintiff supposedly identified to HR.

## IV.    PLAINTIFF STILL FAILS TO STATE AN UNJUST ENRICHMENT CLAIM.

Plaintiff's unjust enrichment theory remains a conversion theory in different clothing. To state a claim, Plaintiff must plausibly allege a specific and direct benefit conferred on MSG. He does not do so. The FAC alleges that MSG retained or damaged personal items such as AirPods, a bag, and a flashlight. *Id.* ¶100. The FAC does not allege that MSG used those items, profited from them, or derived any concrete value from retaining them. The absence of a specific and direct benefit is dispositive.

Plaintiff cannot avoid that problem by withdrawing his conversion claim and relabeling the same facts as unjust enrichment. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (2012) forecloses that maneuver. Under *Corsello*, unjust enrichment is not available where it "simply duplicates, *or replaces*, a conventional contract or tort claim." *Id*. at 790-91. Conversion is plainly a conventional tort. The unjust enrichment claim is based on the same factual and legal theory Plaintiff originally asserted as conversion, and the Opposition continues to argue MSG exercised "dominion and control," which is the *sine qua non* of conversion. *Friedman v. Wahrsager*, 848 F. Supp. 2d 278, 296 (E.D.N.Y. 2012).  Dropping the conversion label does not transform the claim into the kind of "unusual situation" that supports unjust enrichment.

The cases cited in the Opposition do not save the claim. In *Asset Co IM Rest, LLC v. Katzoff*, 2025 WL 919489 (S.D.N.Y. 2025), the court did not consider whether an unjust

11

enrichment claim can replace a conversion claim. It simply declined to exercise supplemental jurisdiction. *Id*. at \*15. Moreover, *Katzoff* demonstrates the type of "personal property" that could provide a specific and direct benefit. There, the "personal property" consisted of artwork improperly transferred from one upscale restaurant to a second, which benefitted by retaining the artwork to improve its décor. *Id*. at \*13. Similarly, *Friedman* involved a receiver's claim that insiders diverted business assets, customer accounts, and intellectual property for no consideration. 848 F. Supp. 2d at 294–95. Plaintiff's personal belongings provide no benefit, let alone a specific and direct benefit, to MSG.

## CONCLUSION

For the foregoing reasons, and those in Defendants' initial Memorandum, the FAC should be dismissed in its entirety.

DATED:    New York, New York          Respectfully submitted,
          May 28, 2026

          By:    */s/ Shawn Patrick Regan*
                 Shawn Patrick Regan
                 James J. La Rocca
                 MORGAN, LEWIS & BOCKIUS LLP
                 101 Park Avenue
                 New York, New York 10178-0060
                 Tel: (212) 309-6000
                 Fax: (212) 309-6001
                 shawn.regan@morganlewis.com
                 james.larocca@morganlewis.com

                 Christopher M. Pardo
                 MORGAN, LEWIS & BOCKIUS LLP
                 One Federal Street
                 Boston, Massachusetts 02110-1726
                 Tel: (617) 341-7700
                 Fax: (617) 341-7701
                 christopher.pardo@morganlewis.com

                 *Attorneys for Defendants*

12

## WORD COUNT CERTIFICATION

I hereby certify that this brief complies with the word count limitations as set forth in Local Rule 7.1(c) of the United States District Court for the Southern District of New York. In determining compliance, I relied on the word count function of the word processing system used to prepare this document. The total number of words in this brief, exclusive of the table of contents, table of authorities, caption, and signature block is 3,493 words.

DATED:      New York, New York
             May 28, 2026

                                   */s/ Shawn Patrick Regan*
                                   Shawn Patrick Regan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD INGRASSELINO,<br><br> Plaintiff,<br><br>                   v.<br><br>MADISON SQUARE GARDEN<br>ENTERTAINMENT CORP. and JOHN<br>EVERSOLE, individually,<br><br> Defendants. | Case No. 1:25-cv-7980-VSB-HJR<br><br>**CERTIFICATE OF SERVICE** |

I certify that, on the date set forth below, I caused the foregoing to be e-filed with the Court

via the CM/ECF system, which sent notification of such filing to the attorneys of record.

DATED:      New York, New York
            May 28, 2026

                              By:      */s/ Shawn Patrick Regan*
                                       Shawn Patrick Regan
                                       MORGAN, LEWIS & BOCKIUS LLP
                                       101 Park Avenue
                                       New York, New York 10178-0060
                                       Tel: (212) 309-6000
                                       Fax: (212) 309-6001
                                       shawn.regan@morganlewis.com
                                       *Attorneys for Defendants*