**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DONALD INGRASSELINO,

Plaintiff,

v.

MADISON SQUARE GARDEN
ENTERTAINMENT CORP. and JOHN
EVERSOLE, individually,

Defendants.

Case No. 1:25-cv-7980-VSB-HJR

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF THEIR MOTION TO STRIKE CERTAIN ALLEGATIONS**
**FROM THE FIRST AMENDED COMPLAINT**

Shawn Patrick Regan
James J. La Rocca
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
Tel: (212) 309-6000
Fax: (212) 309-6001
shawn.regan@morganlewis.com
james.larocca@morganlewis.com

Christopher M. Pardo
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, Massachusetts 02110-1726
Tel: (617) 341-7700
Fax: (617) 341-7701
christopher.pardo@morganlewis.com

*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT…………………………………………………………1

ARGUMENT…………………………………………………………………………….1

I.    PLAINTIFF'S THRESHOLD OBJECTIONS DO NOT DEFEAT THE MOTION.......................................................................................................................2

    A.    DEFENDANTS IDENTIFIED THE CHALLENGED MATTER WITH SUFFICIENT SPECIFICITY, AND CLARIFY THE REQUESTED RELIEF.............................................................................. 2

    B.    PLAINTIFF'S CITED CASES DO NOT MAKE IRRELEVANT OR PREJUDICIAL ALLEGATIONS IMMUNE TO A MOTION TO STRIKE. ................................................................................... 4

II.    THE CHALLENGED ALLEGATIONS REMAIN IMMATERIAL, IMPERTINENT, AND SCANDALOUS. ........................................................... 6

    A.    PARAGRAPHS 9-11, 76-79, AND 80-82: THE SURVEILLANCE, FACIAL-RECOGNITION, AND NON-PARTY NARRATIVES SHOULD BE STRICKEN OR SUBSTANTIALLY NARROWED........................................... 6

    B.    PARAGRAPHS 12, 83-85, 101, AND 138: THE XTRACT ONE, COMPARATOR, AND RESIDUAL CONTRACT ALLEGATIONS SHOULD BE STRICKEN OR SUBSTANTIALLY NARROWED........................................... 7

    C.    PARAGRAPHS 15 AND 90; PARAGRAPHS 16, 91, AND 92: THE K-9 AND ADMITTED-NONCOMPLAINT ALLEGATIONS CANNOT BE JUSTIFIED AS SECTION 740 MATERIAL........................................................................... 8

    D.    PARAGRAPHS 41 AND 43: THE OTHER-EMPLOYEE AND SKIN-RASH ALLEGATIONS SHOULD BE STRICKEN OR SUBSTANTIALLY NARROWED........................................... 8

    E.    PARAGRAPHS 8, 48, 71, 75, AND 99: THE FIREARM ALLEGATIONS SHOULD NOT REMAIN IN THEIR CURRENT FORM................................................................................ 9

    F.    PARAGRAPH 87; PARAGRAPHS 13, 14, 86, 88, AND 89: THE RACE-COMMENT AND FEMALE-EMPLOYEE ALLEGATIONS SHOULD BE STRICKEN OR SUBSTANTIALLY NARROWED........................................... 10

III.    AT MINIMUM, THE COURT SHOULD GRANT SUBSTANTIALLY NARROWED RELIEF........................................................................................10

CONCLUSION…………………………………………………………….………11

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Bellavia v. Orleans County*,
   2023 WL 11915835 (W.D.N.Y. 2023) ...................................................................................4

*Birner v. Kensington Vanguard*,
   2025 WL 963311 (S.D.N.Y. 2025)....................................................................................3, 10

*Chin v. Port Auth. of N.Y. & N.J.*,
   685 F.3d 135 (2d Cir. 2012)..................................................................................................10

*Doe v. Bell*,
   194 Misc. 2d 774 (Sup. Ct. N.Y. Cnty. 2003) ......................................................................5

*eShares, Inc. v. Talton*,
   727 F. Supp. 3d 482 (S.D.N.Y. 2024)....................................................................................5

*G-I Holdings, Inc. v. Baron & Budd*,
   238 F. Supp. 2d 521 (S.D.N.Y. 2002)................................................................................3, 10

*Gross v. Madison Square Garden Ent. Corp.*,
   2024 WL 103235 (S.D.N.Y. 2024).........................................................................................6

*Howard v. Rosales*,
   2014 WL 969683 (S.D.N.Y. 2014).........................................................................................4

*Kim v. BTG Pactual Asset Mgmt. US, LLC*,
   2022 WL 4115955 (S.D.N.Y. 2022)........................................................................................5

*Koeller v. Numrich Gun Parts Corp.*,
   675 F. Supp. 3d 260 (N.D.N.Y. 2023)....................................................................................4

*Lytle v. JPMorgan Chase*,
   810 F. Supp. 2d 616 (S.D.N.Y. 2011).....................................................................................5

*M'Baye v. World Boxing Ass'n*,
   2007 WL 844552 (S.D.N.Y. 2007)...............................................................................4, 7, 8, 10

*Oram v. SoulCycle LLC*,
   979 F. Supp. 2d 498 (S.D.N.Y. 2013)..........................................................................2, 5, 6, 10

*Rackley v. Constellis, LLC*,
   2024 WL 3498718 (S.D.N.Y. 2024).......................................................................................5

*Schoolcraft v. City of New York*,
   299 F.R.D. 65 (S.D.N.Y. 2014) .............................................................................................4

*Smith v. AVSC Int'l, Inc.*,
   148 F. Supp. 2d 302 (S.D.N.Y. 2001)................................................................................10

*Tonra v. Kadmon Holdings, Inc.*,
   405 F. Supp. 3d 576 (S.D.N.Y. 2019)................................................................................5

*Tucker v. Am. Int'l Grp., Inc.*,
   936 F. Supp. 2d 1 (D. Conn. 2013)...............................................................................5, 10

*Villalba v. Houslanger & Assocs., PLLC*,
   2022 WL 900538 (E.D.N.Y. 2022)....................................................................................5

*Wilson v. Phoenix House*,
   42 Misc. 3d 677 (Sup. Ct. Kings Cnty. 2013).....................................................................5

*Wood v. Mike Bloomberg 2020, Inc.*,
   2024 WL 3861828 (S.D.N.Y. Aug. 19, 2024)...........................................................2, 5, 7, 10

**Statutes**

N.Y. Exec. Law § 296(3)(a)..................................................................................................9

**Other Authorities**

N.Y.C. Admin. Code § 8-107(15)(a) .....................................................................................9

Fed. R. Civ. P. 8 ...................................................................................................................1

Fed. R. Civ. P. 12(f).......................................................................................................*passim*

iii

## PRELIMINARY STATEMENT

Defendants' motion explained that various statements in Plaintiff's First Amended Complaint (FAC) are not relevant to Plaintiff's remaining claims, were included for sensational effect, and will serve only to threaten to devolve this case into irrelevant discovery (and extensive discovery motion practice), including with non-parties.

Plaintiff's response is to (i) assert that every challenged allegation is either "context" or part of some undefined "backbone" of the Complaint and (ii) cite cases that are either off-point or actually support Defendants' motion.

Plaintiff's attempts to explain how some allegations purportedly relate to a claim only serve to validate Defendants' motion. For example, his argument that the allegation that MSG used facial recognition security technology to prevent entry of "personal enemies of Eversole or MSG's CEO," ECF No. 61 at 13, betrays any claim that he was opposing unlawful acts (because such use is not, or would not be, unlawful) and instead shows the purpose is merely to further sensationalize a valid security tool.  Indeed, the Opposition's Introduction tellingly does not even argue that the allegations at issue are relevant to his claims, just that they theoretically "*could later be determined* to be related…." ECF No. 61 at 8 (emphasis added).

Rule 8 and Rule 12(f) are not meaningless—they are significant case management tools to ensure a court adjudicates legal claims and controversies, not seriatim personal grievances or differences of opinion recycled by a self-aggrandizing former employee under a guise of being a whistleblower.

Nor do Plaintiff's cited authorities excuse his pleading strategy. Most merely recite the unremarkable proposition that a motion to strike is disfavored. They do not hold that irrelevant, prejudicial allegations must remain in a complaint. Several are not Rule 12(f) cases at all. Others involved allegations tied directly to an element of a claim, unlike here. And two of Plaintiff's

1

cases—*Wood* and *Oram*—support Defendants' position that courts should strike allegations that supply only vague purported "context," bear on absent claims, or serve chiefly to portray the defendant negatively. *Wood v. Mike Bloomberg 2020, Inc.*, 2024 WL 3861828, at \*3-4 (S.D.N.Y. Aug. 19, 2024); *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 511-13 (S.D.N.Y. 2013).

Defendants do not ask the Court to sanitize the FAC of unflattering allegations or to erase facts necessary to Plaintiff's claims.

The challenged allegations have already done much of work they were designed to do: shift attention from Plaintiff's employment-related claims to press-ready, click-bait accusations about surveillance practices, covert recording, a transgender non-party, firearms, police dogs, and alleged misconduct toward other employees. Plaintiff's own counsel publicized the press coverage on its website and emphasized that the lawsuit had entered "the public sphere" not only as an employment case, but also for "broader concerns about surveillance, privacy, and corporate power." *See RPJ Complaint Gains Coverage in The New York Times and The Gothamist*, REAVIS JUMP PAGE LLP (Oct. 9, 2025) https://rpjlaw.com/rpj-complaint-gains-coverage-in-the-new-york-times-and-the-gothamist/.

Defendants seek targeted relief that would preserve allegations Plaintiff needs to plead his claims while removing gratuitous assertions threatening reputational harm, unnecessary discovery, and collateral mini-trials.

## ARGUMENT

### I.    PLAINTIFF'S THRESHOLD OBJECTIONS DO NOT DEFEAT THE MOTION.

####    A.    Defendants Identified The Challenged Matter With Sufficient Specificity, And Clarify The Requested Relief.

Plaintiff's argument that Defendants seek to strike entire paragraphs when only portions are objectionable is not a reason to deny relief. The opening brief identified both the challenged

paragraphs and the subject matter Defendants seek to remove. The Court should strike those allegations in full. Most notably:

- FAC ¶¶9-11, 76-79, and 80-82 address "personal enemies," alleged surveillance of non-parties, the sexual-assault-complainant/covert-recording episode, the recording device purchase details, witness-tampering insinuations, and the narrative about "Mia";

- *Id.* ¶¶12 and 83-85 allege financial conflicts, investments, board positions, cover-ups, and supposed motives concerning Xtract One;

- *Id.* ¶101 pleads collateral outside-business arrangements of other employees;

- *Id.* ¶138 mentions "violating contractual agreements" after Plaintiff dropped all contract-based claims;

- *Id.* ¶¶15 and 90 speculates about MSG's CEO's alleged dislike of dogs and alleged efforts to restrict K-9 use;

- *Id.* ¶¶16, 91, and 92 plead matters about which Plaintiff admits he did not formally object;

- *Id.* ¶41 references another employee's work-from-home request;

- *Id.* ¶43 contains inflammatory commentary that Eversole acted "without empathy," said Plaintiff looked "disgusting," and "jok[ed]" about the rash;

- *Id.* ¶¶8, 48, 71, 75, and 99 repeatedly allege firearm brandishing, intimidation, and illegality; and

- *Id.* ¶¶13, 14, 86-89 quote slurs, describe non-party female employees, and allege sexualized treatment not necessary to plead any claim.

Rule 12(f) is designed to prune allegations like those listed above that threaten reputational harm, unnecessary discovery, or prejudice, or were pled to garner media attention. *See G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 555–56 (S.D.N.Y. 2002) (striking publicized, amorphous allegations with "no real bearing" on the surviving claims because they harmed defendant "in the public eye" and could influence prospective jurors); *Birner v. Kensington Vanguard*, 2025 WL 963311, at *9 (S.D.N.Y. 2025) (striking speculative statutory/kickback allegations unrelated to pleaded claims because they threatened "unnecessary discovery costs and

3

reputational harm"); *M'Baye v. World Boxing Ass'n*, 2007 WL 844552, at *4 (S.D.N.Y. 2007) (striking allegations about defendant's relationships with nonparties because they had no bearing on plaintiff's claims and would "impermissibly widen the scope of discovery").[1]

### B.     Plaintiff's Cited Cases Do Not Make Irrelevant Or Prejudicial Allegations Immune To A Motion To Strike.

Plaintiff's cited cases are distinguishable, inapposite, or actually support Defendants. *Schoolcraft, Howard, Bellavia*, and *Koeller* involved allegations tied directly to the elements of various claims: motive, knowledge, justification for an arrest, or data-breach injury and damages. *Schoolcraft v. City of New York*, 299 F.R.D. 65, 67-68 (S.D.N.Y. 2014) (denying police officer-plaintiff's motion to strike one alleged racist statement by plaintiff contained in counterclaim because it was relevant to plaintiff's contention that his underlying complaint was brought because "of his concern towards the predominantly minority community served by the 81st Precinct"); *Howard v. Rosales*, 2014 WL 969683, at *1-2 (S.D.N.Y. 2014) (declining to strike alleged statement that could show defendant's knowledge of and assistance in alleged fraud scheme); *Bellavia v. Orleans County*, 2023 WL 11915835, at *1 (W.D.N.Y. 2023) (declining to strike communications and comments surrounding alleged false arrest because of relevance to whether arrest was justified and whether defendants conspired); *Koeller v. Numrich Gun Parts Corp.*, 675 F. Supp. 3d 260, 273 (N.D.N.Y. 2023) (declining to strike identity-theft and data-breach allegations because relevant to claimed injuries and damages).

---

[1] Plaintiff suggests that he be allowed to amend the FAC should the Court grant the motion to strike. ECF No. 61 at 14. In his letter requesting to withdraw four claims in light of the motion to disqualify, Plaintiff represented that his withdrawal would "not alter the factual allegations underlying those remaining claims" or "introduce new allegations or theories." ECF No. 52 at 3. Yet, after the Court endorsed the letter and permitted amendment, Plaintiff added nearly 450 words to paragraphs 1-104 of the FAC compared to the corresponding paragraphs (1-102, 109-110) in the initial Complaint, including attempts to bolster allegations in more than a dozen paragraphs. *Compare* FAC ¶¶16, 66, 67, 73, 75, 77, 81, 82, 85, 89, 91, 97, 100 *with* corresponding paragraphs in ECF No. 1. Accordingly, Defendants respectfully request the Court strictly limit any amendment to removing, not adding, allegations.

Other cases are procedurally inapposite. *Kim* and *Lytle* are sealing decisions under the public-access doctrine, not Rule 12(f) decisions. *Kim v. BTG Pactual Asset Mgmt. US, LLC*, 2022 WL 4115955, at *1-2 (S.D.N.Y. 2022); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620 (S.D.N.Y. 2011). *eShares* concerned requests to strike damages and remedies, not scandalous factual allegations. *eShares, Inc. v. Talton*, 727 F. Supp. 3d 482, 498-500 (S.D.N.Y. 2024). *Rackley* and *Tonra* addressed merits issues under NYLL §740 or summary judgment, not whether prejudicial allegations should remain in a pleading. *Rackley v. Constellis, LLC*, 2024 WL 3498718, at *26-32 (S.D.N.Y. 2024), *adopted in part*, 2024 WL 3824108, at *4-6 (S.D.N.Y. 2024); *Tonra v. Kadmon Holdings, Inc.*, 405 F. Supp. 3d 576, 586-88 (S.D.N.Y. 2019). *Doe* and *Wilson* are gender-identity discrimination cases brought by transgender plaintiffs that say nothing about pleading collateral allegations about a transgender *non-party*. *Doe v. Bell*, 194 Misc. 2d 774, 775 (Sup. Ct. N.Y. Cnty. 2003); *Wilson v. Phoenix House*, 42 Misc. 3d 677, 680 (Sup. Ct. Kings Cnty. 2013).

*Tucker* and *Villalba* also provide no aid for Plaintiff. They involved statutory pattern/business-practice issues under consumer-protection statutes. *Tucker v. Am. Int'l Grp., Inc.*, 936 F. Supp. 2d 1, 21-26 (D. Conn. 2013); *Villalba v. Houslanger & Assocs., PLLC*, 2022 WL 900538, at *23-24 (E.D.N.Y. 2022). Here, no claim requires a broad corporate-pattern pleading. And, notably, the *Tucker* court struck unrelated allegations about loss reserves, bid-rigging, and kickbacks as irrelevant and prejudicial. 936 F. Supp. 2d at 25.

The most analogous cases are *Wood* and *Oram*. *Wood* struck allegations that Plaintiff defended as "context." *Wood*, 2024 WL 3861828, at *3-4 (striking allegations relevant only to dismissed fraudulent-inducement and promissory-estoppel claims where plaintiffs offered "context" rationale). The *Oram* court struck allegations about customer mistreatment, which were

5

inflammatory and immaterial to the employee-plaintiff's wage case. *Oram*, 979 F. Supp. 2d at 511-13 (striking allegations concerning alleged mistreatment of customers as immaterial and prejudicial where plaintiff asserted employee wage-and-retaliation claims, not customer claims). The same result is appropriate here.

## II.   THE CHALLENGED ALLEGATIONS REMAIN IMMATERIAL, IMPERTINENT, AND SCANDALOUS.

### A.   Paragraphs 9-11, 76-79, And 80-82: The Surveillance, Facial-Recognition, And Non-Party Narratives Should Be Stricken Or Substantially Narrowed.

Plaintiff says paragraphs 9-11, 76-79, and 80-82 form the "backbone" of his section 740 claim. That argument proves too much. If Plaintiff claims he objected to surveillance or facial-recognition technology practices because he believed they were unlawful, he can plead that directly. He does not need allegations about "personal enemies," a sexual-assault complainant, alleged covert-recording of shopping trips, fabricated witness-tampering implications, or the private life of a transgender non-party.

Nor does Plaintiff explain why the lurid detail is legally necessary, underscoring the impropriety of the narrative (and further supporting Defendants' pending motion to dismiss the FAC). The challenged allegations fail to relate in any coherent fashion to Plaintiff's claims that Defendants did anything unlawful or that posed a "substantial and specific danger to public health or safety." NYLL §740(2). In addition, the FAC still does not identify a law that barred MSG's alleged facial-recognition use or private background inquiries (and neither does the Opposition, despite its naked assertion that "numerous laws prohibit the conduct," ECF No. 61 at 18), and this Court has already rejected privacy claims premised on MSG's use of facial-recognition security technology. *Gross v. Madison Square Garden Ent. Corp.*, 2024 WL 103235, at *6-8 (S.D.N.Y. 2024), *adopted in relevant part*, 2024 WL 2055343 (S.D.N.Y. May 7, 2024). Plaintiff's cited cases

do not provide grounds for the Court to countenance and propagate Plaintiff advancing this gratuitously sensational narrative in this case.

Plaintiff's Opposition also does not answer Defendants' point that he does not allege protected activity as to the "Mia" allegations themselves. The FAC says Plaintiff believed the treatment was discriminatory; it does not allege that he made a protected complaint about discrimination against that non-party. What the FAC unquestionably does is recount lurid detail that is unnecessary to the elements of any claim.

**B.     Paragraphs 12, 83-85, 101, And 138: The Xtract One, Comparator, And Residual Contract Allegations Should Be Stricken Or Substantially Narrowed.**

Paragraph 138 still refers to "violating contractual agreements" even though Plaintiff abandoned every contract-based claim. That language, now more than ever, serves no claim-specific function. In this regard, *Wood* is on point: allegations tied to claims no longer in the case should be stricken when they provide only atmospherics. 2024 WL 3861828, at *3-4.

Paragraph 101 likewise goes beyond anything needed for a NYLL §201-d claim. For example, Plaintiff may allege that other similarly-situated individuals engaged in outside work without discipline. He does not, and instead lodges collateral accusations about board roles, self-employment, or Xtract One relationships. Those allegations invite disputes about unrelated employees and needless discovery that Rule 12(f) exists to prevent. *See M'Baye*, 2007 WL 844552, at *4 (striking allegations concerning defendant's relationships with nonparties because they had no bearing on plaintiff's claims and would "impermissibly widen the scope of discovery").

The Xtract One allegations suffer the same defect. Defendants do not argue that a plaintiff may never plead that he objected to a security-technology issue. Defendants' objection is that Plaintiff injects extended and extraneous allegations of conflicts, investments, cover-ups, and financial benefit. The allegations invite a vendor-conflict mini-trial and reputational harm while

7

doing nothing to advance Plaintiff's claims. And they do so alongside allegations that demonstrate there was no reasonable belief of substantial and specific danger to the public health or safety in light of other technology MSG used.

### C. Paragraphs 15 And 90; Paragraphs 16, 91, And 92: The K-9 And Admitted-Noncomplaint Allegations Cannot Be Justified As Section 740 Material.

Plaintiff strains to assert that the K-9 allegations provide "context" for public-safety concerns. The FAC does not allege that MSG actually eliminated K-9s, that any law required the particular canine program Plaintiff (rather than his bosses) personally preferred, or that Plaintiff made a protected disclosure to a supervisor about "an activity, policy or practice of [MSG] that [he] reasonably believe[d]" either violated a law or posed "a substantial and specific danger to the public health or safety." NYLL §740(2)(a). Allegations about the CEO's alleged dislike of dogs adds nothing except sensational click-bait for media coverage.

Paragraphs 16, 91, and 92 are even weaker. Plaintiff pleads that he did not formally object to the personal email and time-reporting issues because he believed doing so would be futile. Section 740 protects disclosures, threats to disclose, objections, and refusals to participate. It does not create a pleading vehicle for *unreported grievances*. Nor does section 740's notice provision applicable to disclosures to public bodies convert non-complaints into protected activity. NYLL §740(3). Allegations Plaintiff says he never reported remain immaterial and prejudicial given the nature of the accusations. *M'Baye*, 2007 WL 844552, at *4 (striking irrelevant allegations that "would prejudice defendant because they would impermissibly widen the scope of discovery").

### D. Paragraphs 41 And 43: The Other-Employee And Skin-Rash Allegations Should Be Stricken Or Substantially Narrowed.

Paragraph 41 concerns another employee, another family situation, and a work-from-home issue. It does not plausibly concern Plaintiff's diabetes, Plaintiff's alleged accommodation request, or Plaintiff's termination. Indeed, neither the NYSHRL nor the NYCHRL creates a right to a

reasonable accommodation of an employee's disabled child, let alone a "sick child." FAC ¶41. The NYSHRL requires reasonable accommodation only for "the known disabilities, or pregnancy-related conditions, of an employee, prospective employee or member," N.Y. Exec. Law § 296(3)(a), and the NYCHRL requires accommodation only to enable "a person with a disability" to satisfy job requisites. N.Y.C. Admin. Code § 8-107(15)(a). The allegation exists solely to besmirch Eversole, the man who hired Plaintiff, not to plead an element of a claim.

Paragraph 43 is similarly overdrawn. Plaintiff does not allege that his rash was a disability or that he was terminated because of it. His allegation is that he wanted time off because he was embarrassed and did not want to be seen. FAC ¶43. If Plaintiff believes he can state a claim by alleging that he requested time off for such a rash and was denied, he can say that in one sentence. The additional allegations that Eversole lacked empathy, called him "disgusting," and joked about his condition for two weeks are inflammatory and collateral. They are not necessary to plead Plaintiff's diabetes claim.

> **E.** **Paragraphs 8, 48, 71, 75, And 99: The Firearm Allegations Should Not Remain In Their Current Form.**

Plaintiff argues the firearm allegations support the NYLL §740 claim and emotional-distress damages. The FAC alleges only that Plaintiff told Eversole he personally did not feel comfortable carrying a firearm and requested guidelines. It does not plead that he complained about Eversole carrying a firearm as protected activity. The repeated allegations that Eversole openly carried a gun to intimidate others are therefore unnecessary and unduly prejudicial.

Plaintiff's Opposition confirms that he intends to litigate collateral questions about LEOSA, state firearm law, and Eversole's supposed lack of authorization, all wrapped in allegations that Eversole openly carried a gun to intimidate others and that Plaintiff feared physical attack. Those allegations would also spawn collateral disputes unrelated to the elements of

Plaintiff's claims. Rule 12(f) exists to avoid that kind of detour. *See M'Baye, supra* at \*4; *Birner*, 2025 WL 963311, at \*9 (striking allegations unrelated to pleaded claims where they threatened unnecessary discovery costs and reputational harm).

### F. Paragraph 87; Paragraphs 13, 14, 86, 88, And 89: The Race-Comment And Female-Employee Allegations Should Be Stricken Or Substantially Narrowed.

Plaintiff acknowledges that Defendants seek to strike the first two sentences of paragraph 87 and the reasons are obvious. Plaintiff does not assert race discrimination. A race-related allegation about a predecessor is not needed to plead Plaintiff's age, disability, NYLL §740, §201-d, or unjust-enrichment claims. *Smith v. AVSC Int'l, Inc.*, 148 F. Supp. 2d 302, 317-18 (S.D.N.Y. 2001) (striking allegations concerning treatment of employees outside plaintiff's protected group). Plaintiff's pattern-or-practice authorities do not help him. Individual plaintiffs cannot use the pattern-or-practice method of proof. *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 150 (2d Cir. 2012).

The allegations about female employees should also be substantially narrowed. Plaintiff may plead, if he can, that he complained about treatment of three female employees. He does not need quoted slurs, crying narratives, office-door details, or the allegation that a female employee was kept around because executives "liked to look at her." Those allegations are unnecessary, scandalous and inflammatory non-party narratives.

### III. AT MINIMUM, THE COURT SHOULD GRANT SUBSTANTIALLY NARROWED RELIEF.

Plaintiff's Opposition repeatedly says the challenged material is merely "context." *Wood, Oram, Tucker, G-I Holdings, Birner,* and *M'Baye* all recognize that the Court should grant a motion pursuant to Rule 12(f) where allegations are immaterial, prejudicial, or likely to expand the case into collateral disputes. If the Court is not inclined to strike all challenged paragraphs, it

10

should substantially strike the narrower portions identified in Section I.A, at minimum.  These are the most prejudicial, irrelevant, and sensational allegations about non-parties and collateral misconduct most far afield from the claims asserted.

## CONCLUSION

The Court should grant Defendants' motion to strike. If the Court declines to strike the challenged paragraphs in full, it should substantially strike the narrower allegations identified in this reply.

DATED:　　　New York, New York　　　　　Respectfully submitted,
　　　　　　May 28, 2026

　　　　　　　　　　　　　　　　By:　*/s/ Shawn Patrick Regan*
　　　　　　　　　　　　　　　　　　Shawn Patrick Regan
　　　　　　　　　　　　　　　　　　James J. La Rocca
　　　　　　　　　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP
　　　　　　　　　　　　　　　　　　101 Park Avenue
　　　　　　　　　　　　　　　　　　New York, New York 10178-0060
　　　　　　　　　　　　　　　　　　Tel: (212) 309-6000
　　　　　　　　　　　　　　　　　　Fax: (212) 309-6001
　　　　　　　　　　　　　　　　　　shawn.regan@morganlewis.com
　　　　　　　　　　　　　　　　　　james.larocca@morganlewis.com

　　　　　　　　　　　　　　　　　　Christopher M. Pardo
　　　　　　　　　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP
　　　　　　　　　　　　　　　　　　One Federal Street
　　　　　　　　　　　　　　　　　　Boston, Massachusetts 02110-1726
　　　　　　　　　　　　　　　　　　Tel: (617) 341-7700
　　　　　　　　　　　　　　　　　　Fax: (617) 341-7701
　　　　　　　　　　　　　　　　　　christopher.pardo@morganlewis.com

　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

11

## **WORD COUNT CERTIFICATION**

I hereby certify that this brief complies with the word count limitations as set forth in Local Rule 7.1(c) of the United States District Court for the Southern District of New York. In determining compliance, I relied on the word count function of the word processing system used to prepare this document. The total number of words in this brief, exclusive of the table of contents, table of authorities, caption, and signature block is 3,075 words.

DATED:      New York, New York
            May 28, 2026

                                        */s/ Shawn Patrick Regan*
                                        Shawn Patrick Regan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD INGRASSELINO, | Case No. 1:25-cv-7980-VSB-HJR |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| MADISON SQUARE GARDEN ENTERTAINMENT CORP. and JOHN EVERSOLE, individually, | |
| Defendants. | |

I certify that, on the date set forth below, I caused the foregoing to be e-filed with the Court

via the CM/ECF system, which sent notification of such filing to the attorneys of record.

DATED:    New York, New York
          May 28, 2026

                              By:    */s/ Shawn Patrick Regan*
                                     Shawn Patrick Regan
                                     MORGAN, LEWIS & BOCKIUS LLP
                                     101 Park Avenue
                                     New York, New York 10178-0060
                                     Tel: (212) 309-6000
                                     Fax: (212) 309-6001
                                     shawn.regan@morganlewis.com
                                     *Attorneys for Defendants*